UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>SHAMROCK FINANCE LLC,<br><br>Debtor | )<br>)<br>)<br>)<br>)   Chapter 11<br>)   Case No. 21-10315-FJB<br>) |

**UNITED STATES TRUSTEE'S MOTION
FOR ORAL EXAMINATION OF MR. KEITH HARRIS
AND PRODUCTION OF DOCUMENTS
UNDER FED. R. BANKR. P. 2004
(WITH CERTIFICATES OF SERVICE AND CONFERENCE)
(EMERGENCY CONSIDERATION REQUESTED)**

William K. Harrington, the United States Trustee for Region 1, moves the Court to order:

- Mr. Keith Harris to appear by remote videoconference (Microsoft Teams, which can be joined by browser, upon invitation) for an oral examination **on Friday, April 16, 2021 beginning at 10:00 a.m.;** and

- Mr. Harris to produce the documents described in the attached Exhibit "A" ("Documents") by electronic means in pdf format, including by drop box, Microsoft OneDrive folder share, email or some other mutually convenient method agreed upon by the parties, **at or before 12:00 p.m. Noon on Monday, May 24, 2021.**

As set forth below, the United States Trustee requests that the Court schedule this motion for an emergency hearing.  MLBR 9013-1(g).

1

In support, the United States Trustee states:

## JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4. The legal basis for relief includes 28 U.S.C. §§ 586(a)(3) and 11 U.S.C. §§ 307, 521 and 727(a), Fed. R. Bankr. P. 2004 and MLBR 9013-1(g).

## FACTS

**A. The Debtor sells $17,444,233.39 in secured promissory notes to 86 individuals prior to the petition date.**

5. The Debtor filed its voluntary chapter 11 petition on March 12, 2021. Docket #1.

6. In support of its first day motions to use cash collateral (Docket #4), to pay pre-petition wages (Docket #5), to waive the requirements of 11 U.S.C. § 345 (Docket #6) and to impound its "active customer list" under 11 U.S.C. § 107 (Docket #7), the Debtor submitted the declaration of Mr. Kevin Devaney, its sole member and manager. Docket #3.

7. Mr. Devaney stated under penalty of perjury that:

   a. the Debtor is engaged in the business of providing floor plan financing to car dealerships located primarily in Massachusetts. *Id.* at 2.

b. each car dealership customer "execute[s] a Floorplan Note and Loan and Security Agreement and related documents collectively known as the Floorplan Agreement . . . ." *Id.*;

c. to secure its obligations under the Floorplan Agreement, each car dealership customer "grants to Shamrock a security interest in all of its assets including, but not limited to, . . . its motor vehicle inventory, consigned goods and chattel paper . . . [which the Debtor] perfects . . . in accordance with applicable law . . . ." *Id.*;

d. the Debtor "obtains capital – essentially, Shamrock's 'inventory' – through loans from various individual noteholders . . . ." *Id.* at 3.

e. "For years . . ." prior to the petition date, the Debtor "has retained David Pierce, CPA . . . and Keith Harris, CPA . . . as Shamrock's accountants and tax advisors. In this capacity, Pierce and Harris solicited investments and loans into Shamrock from their respective contacts . . . ." *Id.* at 3;

f. 86 individuals loaned the Debtor $17,444,233.39 under promissory notes ("Notes") solicited by Messrs. Pierce and Harris. *Id.* at 3-4.

g. the Debtor paid Messrs. Pierce and Harris "fees and other amounts calculated based upon the amounts they obtained as investments . . . ." *Id.* at 3;

h. the Notes accrue interest at 12%-13% APR. *Id.*;

i. Mr. Devaney executed the Notes as "an additional maker or guarantor . . . ." *Id.*;

j. the Debtor "executed and delivered security agreements to the noteholders to secure the payment of the notes . . . ;" *Id.* at 3-4;

k. Messrs. Pierce and Harris drafted the Notes and the

3

security agreements.[1] *Id.*;

l. "only a handful of noteholders recorded financing statements pursuant to Article 9 of the Uniform Commercial Code, and thus most of the security interests securing the notes are not properly perfected under applicable law . . . ." *Id.* at 4;

m. "none of the recorded financing statements describe the collateral as including accounts receivable or notes receivable – Shamrock does not believe that any of its cash, therefore is cash collateral within the meaning of 11 U.S.C. § 363 . . . ." *Id.*;

n. through February 28, 2021, the Debtor has realized cumulative accrual basis losses of ($8,905,771.79). Docket #3-1; and

o. as of February 28, 2021, the Debtor's liabilities exceeded its assets by $8,800,831.55. *Id.*

8. The Debtor's list of top 20 creditors consists exclusively of noteholders. Docket #1 at 8-9. Their claims rage from $205,205.73 to $2,106,774.18. *Id.*

9. All of the noteholders' claims are listed as "contingent." *Id.*

10. No court has ruled on the enforceability of the noteholders' claims or the validity and priority of their security interests and liens. *See* 11 U.S.C. § 502.

---

[1] "Shamrock had virtually no role in the negotiation of the terms of the security agreements or the drafting of the security agreements . . . ." *Id.*

**B.     The Debtor's testimony about Mr. Harris at the April 5, 2021 section 341 first meeting of creditors.**

11.    According to testimony at the Debtor's April 5, 2021 section 341 first meeting of creditors:

   a. Mr. Pierce's and Mr. Harris' commissions were not one-time payments based upon new Notes sold to noteholders;

   b. rather, the Debtor made annual payments to them equaling 5% of all outstanding Notes;

   c. Mr. Pierce's annual fees totaled $180,000 in 2019 and $126,000 in 2020;

   d. the Debtor categorized Mr. Pierce's commission expense as "Financing Fees (Marketer)" on its income statement;

   e. the Debtor carried Mr. Harris' commission expense as "Professional Fees" on its income statement;

   f. at Mr. Harris' request, the Debtor paid out $200,000 to Mr. Harris' daughter in 2018 so that she could buy a condominium;

   g. Mr. Harris claimed the Debtor owed him that amount in commissions;

   h. the Debtor could not verify that he was owed the $200,000 at that time;

   i. Mr. Harris did not issue Form 1099s to himself on behalf of the Debtor for certain payments; and

   j. the Debtor never registered the Notes with the Massachusetts Secretary of the Commonwealth, Securities Division and/or the Securities and Exchange Commission.

    **C.**    **The United States Trustee moves for the entry of an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1) and (e) for "cause," including fraud, dishonesty, incompetence or gross mismanagement by the Debtor's current management.**

    12.    On April 6, 2021, the United States Trustee filed a motion for entry of an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1) and (e), arguing, among other things, that the Debtor's issuance of the Notes and the failure of its internal controls constitutes "cause," including fraud, dishonesty, incompetence and gross mismanagement of the affairs of the Debtor by its current management and that the appointment of a trustee would be in the interests of creditors and other interests of the estate.  Docket #82.

    13.    The United States Trustee also argued that appointment of a chapter 11 trustee was in the interests of creditors and other interests of the estate under 11 U.S.C. § 1104(a)(2) and (e) for the same reasons.  *Id.*

    14.    That same day, the Court scheduled a non-evidentiary hearing on the trustee motion for April 21, 2021.  Docket #86.

    15.    The Debtor must answer the trustee motion on or before April 20, 2021. *Id.*

**STATUTORY FRAMEWORK**

    16.    Under Rule 2004, any party in interest can request that the Court order the examination of any entity about "the acts, conduct, or property or . . .

the liabilities and financial condition of the debtor, or . . . any matter which may affect the administration of the debtor's estate, or . . . the debtor's right to a discharge . . . ." Fed. R. Bankr. P. 2004(b) (broadly defining the scope of an examination). *See* 9 COLLIER ON BANKRUPTCY (Alan N. Resnick & Henry J. Sommer, eds., ¶s 2004.01 and .02 16th ed. rev. 2021).

17. The Court can compel attendance at an oral deposition. It can also require document production. Fed. R. Bankr. P. 2004(c).

**ARGUMENT**

    **A.**     **In its pleadings and the testimony at the section 341 meeting, the Debtor implies that Mr. Harris is responsible for its pre-petition problems.**

18. Mr. Devaney's declaration (Docket #3), the Debtor's cash collateral motion (Docket #4) and the testimony at the section 341 meeting clearly suggest that the Debtor intends to oppose the trustee motion by attributing some of its pre-petition problems to Mr. Harris.

19. Because the April 21, 2021 hearing is non-evidentiary, however, Mr. Harris will not testify.

    **B.**     **Understanding Mr. Harris' version of events in advance of the April 21, 2021 hearing is important.**

20. The United States Trustee submits that it is important for all parties, including the Debtor, to understand Mr. Harris' version of events in advance of the hearing.

21. Accordingly, ordering Mr. Harris to appear for his deposition and to produce the Documents is necessary for the proper administration of the Debtor's bankruptcy case and relates to its acts, conduct, property, liabilities and financial condition. Fed. R. Bankr. P. 2004. *See* COLLIER at ¶s 2004.01 and .02 (analyzing broad scope of Rule 2004) and *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass 1984).

**REQUEST FOR EXPEDITED CONSIDERATION**

22. The United States Trustee believes that eliciting testimony from Mr. Harris prior to the April 21, 2021 hearing is necessary to understand the totality of the circumstances attending the Debtor's issuing the Notes and how the Debtor conducted its business and maintained internal controls prior to the petition date. *United Surety & Indemnity Co. v. Lopez-Munoz (In re Lopez-Munoz)*, 553 B.R. 179, 190 (B.A.P. 1st Cir. 2016), *affirmed*, 866 F.3d 487 (1st Cir. 2017).

23. Accordingly, emergency consideration of this motion is necessary. MLBR 9013-1(g).

24. The United States Trustee has attempted to arrange a mutually convenient time for an interview with or deposition of Mr. Harris with his counsel.

25. The United States Trustee will provide all counsel with a pdf binder of exhibits in advance of the deposition.

26. The United States Trustee reserves all rights to request further oral

depositions and document production from Mr. Harris under Fed. R. Bankr. P. 2004(a), if necessary.

**RELIEF REQUESTED**

For these reasons, the United States Trustee requests that the Court enter orders: **i) scheduling this motion for an emergency hearing under MLBR 9013-1(g)**; ii) requiring Mr. Keith Harris to appear by remote videoconference (Microsoft Teams, which can be joined by browser, upon invitation) for an oral examination **on Friday, April 16, 2021 beginning at 10:00 a.m.**; iii) requiring Mr. Harris to produce the Documents described in the attached Exhibit "A" by electronic means in pdf format, including by drop box, Microsoft OneDrive folder share, email or some other mutually convenient method agreed upon by the parties, **at or before 12:00 p.m. Noon on Monday, May 24, 2021**; iv) authorizing the United States Trustee to issue subpoenas requiring Mr. Harris to attend the deposition and to produce documents at the dates and times above; and v) granting him all such other and further legal and equitable relief to which he may be entitled.

                    Respectfully submitted,

                    WILLIAM K. HARRINGTON
                    UNITED STATES TRUSTEE
                    REGION 1

By:    */s/ Eric K. Bradford*
       Eric K. Bradford BBO#560231
       United States Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       PHONE: (202) 306-3815
       FAX: (617) 565-6368
       Eric.K.Bradford@USDOJ.gov

Dated: April 9, 2021.

## CERTIFICATE OF SERVICE

I certify that on April 9, 2021, true and correct copies of the foregoing motion were served via CM/ECF only upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's Attorney, Jeffrey D. Sternklar, Esq. and Mr. Harris' attorneys, Dennis Ford Eagan, Esq. and Thomas Nicholson, Esq.

> WILLIAM K. HARRINGTON
> UNITED STATES TRUSTEE
> REGION 1
>
> By:   */s/ Eric K. Bradford*
> Eric K. Bradford BBO#560231
> United States Department of Justice
> John W. McCormack Post Office & Courthouse
> 5 Post Office Square, 10th Floor, Suite 1000
> Boston, MA 02109-3934
> PHONE: (202) 306-3815
> FAX: (617) 565-6368
> Eric.K.Bradford@USDOJ.gov

Dated: April 9, 2021.

**BY EMAIL:**

Thomas Nicholson, Esq.
Finneran & Nicholson, P.C.
30 Green Street
Newburyport, MA 01950
(Thomas@finnic.com)

**BY CM/ECF:**

Dennis Eagan on behalf of Creditor Keith A. Harris
dennis@finnic.com

Andrew W. Evans on behalf of Creditor Leonard Bonfanti
andrew@evansevanslaw.com, lmdevansevanslaw@gmail.com,g36335@notify.cincompass.com,R56960@notify.bestcase.com,r56960@notify.bestcase.com,susan@evansevanslaw.com

Andrew W. Evans on behalf of Creditor Mary Bonfanti
andrew@evansevanslaw.com,
lmdevansevanslaw@gmail.com,g36335@notify.cincompass.com,R56960@notify.bestcase.com,r56960@notify.bestcase.com,susan@evansevanslaw.com

Thomas J. Flannagan on behalf of Creditor David W Pierce
tflannagan@mhdpc.com

Michael Grant on behalf of Creditor Source One Financial Corporation
MTGrant@duanemorris.com, mmmilne@duanemorris.com

Bill N. Jacob on behalf of Creditor Burke Family Trust
bnjlaw@hotmail.com, jacob.billr99919@notify.bestcase.com

Bill N. Jacob on behalf of Creditor Sheila Burke
bnjlaw@hotmail.com, jacob.billr99919@notify.bestcase.com

Bill N. Jacob on behalf of Creditor William Downey
bnjlaw@hotmail.com, jacob.billr99919@notify.bestcase.com

David B. Madoff on behalf of Creditor DJJD, Inc.
madoff@mandkllp.com, alston@mandkllp.com

David B. Madoff on behalf of Creditor Damian Robert
madoff@mandkllp.com, alston@mandkllp.com

Harold B. Murphy on behalf of Creditor Walsh Construction
bankruptcy@murphyking.com, dkonusevska@murphyking.com

Harold B. Murphy on behalf of Creditor Gail Annis
bankruptcy@murphyking.com, dkonusevska@murphyking.com

Harold B. Murphy on behalf of Creditor John H. Ellis
bankruptcy@murphyking.com, dkonusevska@murphyking.com

Harold B. Murphy on behalf of Creditor Rolanda Lee Sturtevant
bankruptcy@murphyking.com, dkonusevska@murphyking.com

Harold B. Murphy on behalf of Creditor Rupert Annis
bankruptcy@murphyking.com, dkonusevska@murphyking.com

Thomas G. Nicholson on behalf of Creditor Keith A. Harris
thomas@finnic.com

Christopher W. Parker on behalf of Creditor Kathy F. Pierce
cparker@metaxasbrown.com, smcsweeney@metaxasbrown.com

Christopher W. Parker on behalf of Creditor Todd M. Pierce
cparker@metaxasbrown.com, smcsweeney@metaxasbrown.com

Steffani Pelton on behalf of Creditor DJJD, Inc.
pelton@mandkllp.com

Steffani Pelton on behalf of Creditor Damian Robert
pelton@mandkllp.com

Mark W. Powers on behalf of Creditor John Morin
mpowers@bowditch.com, sfleming@bowditch.com

Kirk P. Rothemich on behalf of Creditor Alfred Lausten
rothemichlaw@aol.com, rothemichkr94007@notify.bestcase.com

Kirk P. Rothemich on behalf of Creditor Colette Willis
rothemichlaw@aol.com, rothemichkr94007@notify.bestcase.com

Kirk P. Rothemich on behalf of Creditor Douglas Lausten
rothemichlaw@aol.com, rothemichkr94007@notify.bestcase.com

Kirk P. Rothemich on behalf of Creditor Susan Lindh
rothemichlaw@aol.com, rothemichkr94007@notify.bestcase.com

Jeffrey D. Sternklar on behalf of Debtor Shamrock Finance LLC
jeffrey@sternklarlaw.com, jdsternklar@yahoo.com;r60083@notify.bestcase.com

Herbert Weinberg on behalf of Creditor Lawrence P. Kaplan
hweinberg@jrhwlaw.com,
herbweinberglaw@gmail.com;weinberghr70490@notify.bestcase.com;rprizio@jrhwlaw.com;bmessina@jrhwlaw.com

## CERTIFICATE OF CONFERENCE

I certify that I spoke by telephone and exchanged emails with Mr. Harris' attorney, Thomas Nicholson, Esq., on April 8, 2021 regarding the foregoing motion. I also sent him a draft.

We had exchanged an email and voicemail message on April 6 and 7, 2021.

We reached no agreement on the requested relief.

> WILLIAM K. HARRINGTON
> UNITED STATES TRUSTEE,
> REGION 1
>
> By:    */s/ Eric K. Bradford*
> Eric K. Bradford BBO#560231
> Department of Justice
> John W. McCormack Post Office & Courthouse
> 5 Post Office Square, 10th Floor, Suite 1000
> Boston, MA 02109-3934
> PHONE: (202) 306-3815
> FAX: (617) 565-6368
> Eric.K.Bradford@USDOJ.gov

Dated: April 9, 2021.

# EXHIBIT "A"

## I. INSTRUCTIONS

    1.    You are required to respond to this request for production of Documents (as defined herein) and tangible things by drawing on all materials in your possession, ownership, custody, or control, actual or constructive, including materials that you have a right to secure from any other source. These sources include, but are not limited to, your employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever. These sources further include, but are not limited to, your predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.

    2.    If any Document or tangible thing herein requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, state what disposition was made of the Document or tangible thing, why such disposition was made, to whom the Document or tangible thing was transferred or delivered if applicable, where the Document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

    3.    In the event that you file a proper and timely objection to any portion of any individual request for the production of Documents or tangible things presented herein, you are required to respond to all other portions of that request that do not fall within the ambit of your objection.

    4.    If any portion of any Document or tangible thing is responsive to any production request herein, then the entire Document or tangible thing must be produced. If any requested Document or tangible thing cannot be produced in full, then you must produce that Document or tangible thing to the greatest extent possible. Whenever a document or tangible thing is not produced in full, or is produced in redacted form, you must indicate such on the Document or tangible thing produced.

    **5.    If any Document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege,**

**confidentiality, or trade secret, then you must state with respect to each such Document, tangible thing, or withheld portion thereof: (a) the privilege or ground under which it is being withheld; (b) a description of the subject matter thereof; (c) the identity of its author or creator; (d) the identity of all persons to whom it is addressed and all persons to whom copies thereof have ever been furnished; (e) the date thereof; and (f) the current custodian and location thereof.**

6. If there do not exist Documents or tangible things responsive to a specific production request herein, then you must indicate such in your written response hereto.

7. The Documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such Documents or tangible things are responsive and are being produced. Otherwise, such Documents or tangible things shall be produced as they are kept in the usual course of business, including the production of files from which such Documents or tangible things are taken.

8. This is a continuing request for production of Documents and tangible things. Thus, if after making your initial production(s), you become aware of any additional responsive Documents or tangible things in your possession, ownership, custody or control (actual or constructive), including materials which you have a right to secure from any other source, you are required without further request to produce, or to make available for inspection or copying, such additional Documents or tangible things.

9. **Unless otherwise specified in any individual request, you must produce all responsive Documents generated or created at any time up to and including the present.**

**II.
DEFINITIONS**

1. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, email, text, telephone or in writing of any kind.

16

2. **Concerning**. The term "concerning" means referring to, describing, evidencing, or constituting.

3. **Debtors.** The term "Debtor" means Shamrock Finance LLC, the chapter 11 debtor in case number 21-10315-FJB.

4. **Documents**. The term "documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), backup tapes, data electronically stored (including archival and backup copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

5. **Notes**. The term "Notes" means promissory notes executed by Mr. Devaney and made payable to individual noteholders that the Debtor used to capitalize its operations.

6. **Noteholders**. The term "Noteholders" means individuals or entities who purchased Notes.

7. **Person**. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. **Refer or Refers to**. The term "refer" or "refer to" means mentioning, discussing, making reference to or relating to in any way.

9. **Relate or Relates to**. The term "relate" or "relates to" means constituting, defining concerning embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

10. Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

## III.
## REQUESTED DOCUMENTS AND TANGIBLE THINGS

The terms defined in Section II and the foregoing motion above have the same meaning here. The United States Trustee requests that the Debtor produce to his counsel, as set forth above, and permit him to inspect and to copy as aforesaid the following:

1. All documents concerning, or which record, reflect or relate to any joint defense agreement to which Mr. Harris is a party in any ongoing or potential investigation or legal or administrative action related to the Debtor or the Notes.

2. All documents concerning, or which record, reflect or relate to representations made by Mr. Harris, Mr. Pierce, Mr. Delaney and/or the Debtor to actual or prospective Noteholders regarding the yields, safety and/or secured status of the Notes.

3. All documents concerning, or which record, reflect or relate to communications between Mr. Harris, Mr. Pierce, Mr. Delaney and/or the Debtor and any actual or prospective Noteholder regarding category 2 above for the period January 1, 2011 through the present.

4. All documents concerning, or which record, reflect or relate to Mr. Harris' employment arrangement(s) with the Debtor.

5. All documents concerning, or which record, reflect or relate to Mr. Harris' compensation arrangement(s) with the Debtor, including payments related to the sale of the Notes.

6. All documents concerning, or which record, reflect or relate to payments or transfers from the Debtor to any relative of Mr. Harris,' including his daughter.

7. All documents concerning, or which record, reflect or relate to communications between Mr. Harris, Mr. Devaney, the Debtor or anyone working with or for the Debtor regarding categories 4, 5 and 6 above for the period March 12, 2016 through the present.

8. All documents concerning, or which record, reflect or relate to the Debtor's issuing Form 1099s to Mr. Harris for the period March 12, 2016 through the present.

9. All documents concerning, or which record, reflect or relate to communications regarding payments or amounts owing to any Noteholder for the period March 12, 2016 through the present.

10. All documents concerning, or which record, reflect or relate to Mr. Harris' Federal and state income tax returns for the years 2018, 2019 and 2020, whether individual or joint, including all forms, such as Forms W-2 and 1099 and Schedules E and K-1.