**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>SHAMROCK FINANCE LLC,<br><br>Debtor | Chapter 11<br>Case No: 21-10315-FJB |

**LIMITED OBJECTION BY AD HOC COMMITTEE OF UNSECURED CREDITORS TO UNITED STATES TRUSTEE'S MOTION FOR ORAL EXAMINATION OF KEITH HARRIS AND PRODUCTION OF DOCUMENTS UNDER FED. R. BANKR. P. 2004**

Now comes the Ad Hoc Committee (as defined below) and objects, on a limited basis, to the United States Trustee's (the "**US Trustee**") *Emergency Motion for Oral Examination of Mr. Keith Harris and Production of Documents under Fed. R. Bankr. P. 2004* [Doc. No. 98] (the "**2004 Motion**") as follows:

**BACKGROUND**

1. On March 12, 2021 Shamrock Finance LLC (the "**Debtor**" or "**Shamrock**") filed a petition for relief under Chapter 11 of Title 11 of the United States Code, *et seq.* (the "**Bankruptcy Code**") in the Bankruptcy Court for the District of Massachusetts (the "**Court**").

2. Shamrock is in the business of automobile floorplan financing. Shamrock borrows money from individuals and entities which it lends to New England area car dealerships to fund acquisition of inventory.

3. The Debtor has scheduled $18,475,848.13 of liabilities, consisting principally of approximately $17,000,000 owed to eighty-six (86) individuals and their related entities who hold promissory notes executed by the Debtor (the "**Noteholders**"). While most Noteholders have instruments entitled "Secured Promissory Notes", only six (6) Noteholders filed UCC-1

1

financing statements with the Secretary of the Commonwealth.[1]  Of the six (6) Noteholders who have filed UCC-1 financing statements, one (1) has lapsed and one (1) has filed a UCC-3 Termination.

4. The Debtor filed a list of the twenty (20) largest unsecured creditors, each of which is a Noteholder [Doc. No. 1].  On or about March 16, 2021, the US Trustee sent questionnaires to the twenty (20) largest unsecured creditors regarding their interest in serving on an official creditors committee in this case.  Upon information and belief, many of the Noteholders solicited by the US Trustee, including multiple members of the Ad Hoc Committee, completed and returned the questionnaire to the US Trustee by March 24, 2021 stating their willingness to serve on an official committee.  To date, the US Trustee has not appointed an official committee.

5. On April 6, 2021 the US Trustee filed the *United States Trustee's Motion For Entry of an Order Directing the Appointment of a Chapter 11 Trustee* [Doc. No. 82] (the "**Trustee Motion**"), seeking the appointment of a Chapter 11 trustee in this case.   The Court has scheduled a non-evidentiary hearing on the Trustee Motion for April 21, 2021 at 11:00 A.M. and responses are due by April 20, 2021 at 10:00 A.M. [Doc. No. 86].

6. Due to the absence of an official committee, on April 8, 2021 twenty (20) of the Noteholders held a meeting and formed an ad hoc committee of unsecured creditors pending the appointment of an official committee (the "**Ad Hoc Committee**").  Members of the Ad Hoc Committee include eight (8) of the 20 largest unsecured creditors including the four (4) largest.[2]  The Ad Hoc Committee retained the undersigned to act as its counsel.

---

[1] Two other Noteholders have filed UCC-1 Financing Statements post-petition.

[2] Damian and Melanie Robert hold the second largest scheduled claim and assert to hold a valid security interest in the Debtor's assets.  Lawrence Kaplan was not scheduled in the twenty (20) largest unsecured creditors because he

7. At the meeting, the Ad Hoc Committee voted unanimously to oppose the Trustee Motion because the Ad Hoc Committee believes that the appointment of a Chapter 11 trustee would have a materially adverse impact upon the Debtor's business and reorganization prospects. Kevin Devaney is the Debtor's sole member and manager and is the person most familiar with the day-to-day operations of the Debtor. Among other things, the Ad Hoc Committee believes that Mr. Devaney's relationships with the used car dealer network and his knowledge and experience in the used car market are essential to the preservation of the value of the Debtor's business. The Ad Hoc Committee believes that replacement of Mr. Devaney with a Chapter 11 trustee would ultimately lead to the forced sale or liquidation of the Debtor's business that would result in substantial loss of value. Further, the Ad Hoc Committee believes that the appointment of a Chapter 11 trustee along with additional professionals would result in significant costs that would reduce the recovery to creditors.

8. In order to address the concerns raised by the US Trustee, the Ad Hoc Committee requested, and the Debtor has agreed, to amend the pending *Application to Employ Mid-Market Management Group, Inc. as Business Advisor to the Debtor and Debtor-in-Possession Shamrock Finance LLC* [Doc. No. 27], to instead provide for the appointment of William Dewey of Mid-Market Management as the chief restructuring officer of the Debtor (the "**CRO**") with Mr. Devaney reporting to the CRO. Mr. Dewey also has substantial knowledge of the Debtor's business and significant experience in automotive floorplan financing and is thereby well-suited to manage and oversee the operation of the Debtor's business. Mr. Dewey formerly worked as a commercial banker at State Street Bank and held positions as Manager of Loan Workouts and

---

had filed a UCC-1 financing statement. That statement has lapsed, and he is now the fourth largest unsecured creditor with scheduled debt of $707,274.19.

3

Relationship Manager in Corporate Banking. He also previously served as Asset Manager for Cambridge Place Investment Management and managed the fund's interest in one of the largest used car dealer floorplan finance companies in the United States.

9. Also at the request of the Ad Hoc Committee, the Debtor has agreed to provide the Ad Hoc Committee, and any subsequently appointed official committee, with full access to information regarding the Debtor's affairs including, but not limited to, any insider claims and claims against Mr. Harris and Mr. David Pierce. The Debtor has also agreed to provide the Ad Hoc Committee with all of the power of an official committee and to negotiate a protocol to, among other things, grant the Ad Hoc Committee and any official committee authority to pursue insider claims and claims against Messrs. Harris and Pierce. The Debtor has also agreed to work with the Ad Hoc Committee towards the formulation of a consensual plan of reorganization to include, among other things, assignment to a creditors' representative of the Debtor's rights to pursue insider claims and claims against Messrs. Harris and Pierce.

10. On April 9, 2021, the US Trustee filed the 2004 Motion seeking to examine Keith Harris, the Debtor's former accountant, prior to the hearing on the Trustee Motion. The Debtor filed its limited objection to the 2004 motion [Doc. No. 100] on the same day asserting, among other things, that there is no need for the examination of Mr. Harris on an expedited basis and that discovery relating to the Trustee Motion should proceed in the ordinary course.

11. There is no question that Mr. Harris will need to be subject to an examination. The Ad Hoc Committee will want to fully participate in that examination and will seek the production of documents from Mr. Harris to review prior to any examination. The Ad Hoc Committee opposes the 2004 exam of Mr. Harris proceeding on an expedited process because the Trustee Motion is a contested matter and discovery is governed by Part VII of the Federal

Rules of Bankruptcy Procedure rather than Rule 2004.  Richard Levin & Henry J. Sommer, 6 Collier on Bankruptcy ¶ 2004.01 [8] (Richard Levin & Henry J. Sommer, 16th ed. 2021) ("If an adversary proceeding or a contested matter is pending, the parties to that proceeding or matter may no longer utilize the liberal provisions of Bankruptcy Rule 2004 and should utilize the discovery devices provided for in Rules 7026 through 7037").  *See In re Enron Corp.*, 281 B.R. 836, 844 (Bankr. S.D.N.Y. 2002) (Rule 2004 motions should not be used to subvert applicable rules of discovery in a contested matter); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996).

12. The Court has scheduled a non-evidentiary hearing on the Trustee Motion for April 21, 2021 at 11:00 A.M.  Since it appears that an evidentiary hearing will be required with respect to the Trustee Motion, discovery can proceed in accordance the federal rules and a scheduling order entered by the Court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Ad Hoc Committee respectfully requests that the Court deny the *Emergency Motion for Oral Examination of Mr. Keith Harris and Production of Documents under Fed. R. Bankr. P. 2004* [Doc. No. 98], and grant such other and further relief as is necessary and proper under the circumstances.

                                            Respectfully Submitted,

                                            THE AD HOC COMMITTEE OF
                                            UNSECURED CREDITORS,
                                            By its Attorneys,

                                            */s/ Harold B. Murphy*

Dated:    April 13, 2021                  Harold B. Murphy (BBO #326610)
                                            Marc P. Tetreault Jr. (BBO #707794)
                                            MURPHY & KING, Professional Corporation
                                            One Beacon Street
                                            Boston, Massachusetts  02108
                                            Telephone:  (617) 423-0400
                                            Facsimile:  (617) 556-8985
                                            Email:  HMurphy@murphyking.com

## CERTIFICATE OF SERVICE

I, Harold B. Murphy, do hereby certify that on this thirteenth day of April, 2021 I have filed the foregoing limited objection with the Court and caused copies thereof to be served through the Court's CM/ECF System upon all such parties entitled to notice thereunder;

                                                            */s/ Harold B. Murphy*
Dated: April 13, 2021                           Harold B. Murphy