**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SHAMROCK FINANCE LLC | ) ) | Case No. 21-10315-FJB |
| Debtor. | ) ) ) | |

**DECLARATION OF WILLIAM R. DEWEY, IV IN SUPPORT OF MOTION FOR CONTINUED AUTHORITY TO USE CASH COLLATERAL**

1. My name is William R. Dewey, IV. I am over 21 years of age and have never been convicted of a crime. I have personal knowledge of all facts averred in this Declaration, and they are all true and correct, except for those facts averred upon information and belief, and as to those facts I believe them to be true and correct.

2. I make this Declaration in support of the *"Motion for Continued Authority to Use Cash Collateral"* filed by Shamrock Finance, LLC ("**Shamrock**" or the "**Debtor**").

3. On March 12, 2021 (the "**Petition Date**"), Shamrock filed a voluntary petition under Chapter 11 of the Bankruptcy Code and continues to hold its assets and manage its affairs as a debtor-in-possession.

4. By order dated April 23, 2021 [Dkt. 144] ("**CRO Order**"), this Court authorized Shamrock to retain Mid-Market Management Group, Inc. ("**MMMG**") and to designate me as its Chief Restructuring Officer ("**CRO**"). I have served and continues to serve in that capacity since entry of the CRO Order.

5. Shamrock has increased the value of its cash and accounts receivable by approximately $288,521, as follows:

|  | Petition Date | 5/1/2021 | Difference |
|---|---|---|---|
| Cash (Leader & Citizens DDAs) | $ 393,708 | $ 1,138,432 | $ 744,725 |
| Dlr. Receivables - Active | $ 9,401,738 | $ 8,237,554 | $ (1,164,185) |
| Dlr. Receivables - Collections | $ 3,042,006 | $ 3,815,747 | $ 773,741 |
| Fee Receivables | $ 89,733 | $ 105,356 | $ 15,623 |
| Dealer Reserve | $ (360,095) | $ (441,478) | $ (81,383) |
| Allowance for Loan Losses | $ (3,737,888) | $ (3,737,888) | $ - |
|  | $ 8,829,201 | $ 9,117,723 | $ 288,521 |

6. The positive increase in value is due in part to Shamrock's positive operating cash flow, which contributed to the $744,725 increase in cash, from $393,708 to $1,138,432.

7. Note "active" dealer receivables have declined by $1,164,185, while the "inactive" dealer receivables increased by $773,741. The actual postpetition decline in value of the active receivables, however, is only approximately $328,229, which is more than offset by the cash increase of $744,725. The increase of inactive dealer receivables, and the concomitant decrease in active dealer receivables, is simply a classification change made by me that does not reflect any postpetition value diminution. The classification change was the product of an asset analysis undertaken after I became Shamrock's CRO that resulted in procedural changes. Shamrock reclassified 18 prepetition active dealer accounts with an aggregate unpaid principal balance of approximately $836,000 from active to inactive accounts. The actual behavior and payments made by these borrowers, however, remains unchanged from the Petition Date. The changes are largely for accounting purposes.

8.      The survival and success of Shamrock's business requires that it provide reliable and timely advances to its customers on account of its various floor plan arrangements. I am preparing a revised cash flow budget ("**Budget**") regarding Shamrock's continued use of cash collateral from and after May 12, 2021. I expect to complete the Budget and cause Shamrock to file it prior to any hearing on the Cash Collateral Motion.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on May 5, 2021.

                                              */s/ William R. Dewey, IV*
                                              William R. Dewey, IV