**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

-------------------------------------------------------------x
                                              :
In re:                                        :          Chapter 11
                                              :
SHAMROCK FINANCE LLC,                         :          Case No. 21-10315-FJB
                                              :
                      Debtor.                 :
                                              :
                                              :
                                              :
-------------------------------------------------------------x

**INTERIM BID PROCEDURES ORDER REGARDING MOTION OF THE DEBTOR
FOR ENTRY OF AN ORDER (A) ESTABLISHING BID PROCEDURES; (B)
APPROVING BID PROTECTIONS; (C) APPROVING FORM AND MANNER OF
NOTICE; (E) SCHEDULING A HEARING TO CONSIDER ANY PROPOSED SALE; (F)
AUTHORIZING THE DEBTOR TO SELL ASSETS FREE AND CLEAR OF LIENS
PURSUANT TO 11 U.S.C. §363, AND (F) GRANTING CERTAIN RELATED RELIEF**

This matter coming before the Court upon the "*Motion of the Debtor for Entry of an Order
(A) Establishing Bid Procedures; (B) Approving Bid Protections; (C) Approving Form and
Manner of Notice; (E) Scheduling A Hearing To Consider Any Proposed Sale; (F) Authorizing
The Debtor To Sell Assets Free and Clear of Liens Pursuant To 11 U.S.C. §363, and (F) Granting
Certain Related Relief*" [Docket No. 335] (the "Motion"), filed by Shamrock Finance LLC (the
"Debtor") in the above-captioned chapter 11 case for entry of an order (this "Order") seeking
expedited consideration for entry of this order (the "Bid Procedures Order") (a) authorizing and
approving the Bid Procedures attached to this Order as **Exhibit 1** (the "Bid Procedures") in
connection with a Sale, (b) approving the Bid Protections (defined below), (c) approving the form
and manner of notice of any Auction and any Sale Hearing (each defined below), (d) scheduling
the Sale Hearing, if applicable, and setting other related dates and deadlines, attached to this Order
as **Exhibit 2**, and (e) granting related relief, all as further described in the Motion; and this Court

having found that (i) this Court has jurisdiction over the Debtor, its estate, property of its estate, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no other or further notice of the Motion is required under the circumstances; and this Court having determined that the Debtor has established just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

A.    **Limitation of Notice.**    Notice of the hearing to consider entry of this Bid Procedures Order shall be and hereby is limited as set forth in the Motion, and no further notice of the hearing to consider entry of this Bid Procedures Notice is required.

B.    **Bid Procedures.**    The Debtor has articulated good and sufficient reasons for authorizing and approving the Bid Procedures attached to this Order as **Exhibit 1**, which are fair, reasonable, and appropriate under the circumstances and designed to achieve the highest or otherwise best offer and to maximize the value of the Debtor's estate.  The Bid Procedures shall govern the submission, receipt, and analysis of all bids relating to the Sale, the conduct of the Auction and the occurrence of the Sale, and any party desiring to submit a bid shall do so strictly in accordance with the terms of the Bid Procedures and this Order.

C.    **Sale Notice.**    The notice, substantially in the form attached to the Bid Procedures as **Exhibit 3**, provided by the Debtor regarding the Sale, the Auction, and the Sale Hearing (the

2

"Sale Notice") satisfies MLBR 6004-1(d)(1)(B) and all of the foregoing is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction (if one is held); (ii) the Bid Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the assets subject to the Sale; (v) instructions for obtaining a copy of a form asset purchase agreement, which interested parties can use to submit bids; and (vi) representations describing any Sale as being free and clear of all liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other encumbrances attaching with the same validity and priority to the proceeds from any Sale.

D.    **Other Findings.**  The findings and conclusions set forth in this Order constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the findings of fact in this Order constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law in this Order constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is **GRANTED**, as set forth in this Order.

**Dates and Deadlines.** The dates and deadlines appearing in the Motion and in **Exhibit 2** to this Bid Procedures Order are hereby approved and established as if set forth here at length.

2.    **Sale Hearing.**  For the avoidance of doubt, the Sale Hearing will commence on **March 14, 2022 at 9:30 a.m**. before The Honorable Frank J. Bailey of the United States Bankruptcy Court for the District of Massachusetts.  The hearing will occur virtually and in accordance with a separate order of this Court.

3

3.      **Sale Objection Deadline.**  For the avoidance of doubt, objections, if any, to the Motion and the Sale to the Successful Bidder, except objections solely related to the identity of the Successful Bidder, the adequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder (the "Initial Objections"), must be filed with the Court and served on all parties entitled to service thereof by **March 11, 2022 at 12:00 p.m.** prevailing Eastern time (the "Sale Objection Deadline")y.  Objections solely to the conduct of the Auction, the identity of the Successful Bidder, and adequate assurance of future performance by the Successful Bidder other than the Stalking Horse Bidder must be filed with the Court and served on all parties entitled to service thereof by **March 11, 2022 at 12:00 p.m.**, prevailing Eastern time.  In each case, all objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), and any order of the Court; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Court and timely served on all parties entitled to notice thereof, including (i) counsel to the Debtor, (ii) counsel to the Committee and (iii) counsel to the Stalking Horse Bidder.

**Bid Procedures and Related Relief.**

4.      The Bid Procedures in the form attached to this Bid Procedures Order as **Exhibit 1** and incorporated by reference as though set forth fully in this Order, are hereby approved in their entirety.  The Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to any proposed Sale, and any party desiring to submit a higher or otherwise better offer for the Purchased Assets must comply with the terms of the Bid Procedures and this Order.  The Bid Procedures shall also govern the terms on which the Debtor will proceed with the Auction, the Sale, or the selection of the Stalking Horse Bidder as the Successful Bidder.  The Debtor is

4

authorized to take any and all actions reasonably necessary or appropriate to implement the Bid Procedures.

5.      The failure to specifically include or reference any particular provision, section, or article of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such provision, section, or article, it being the intent of this Court that the Bid Procedures are authorized in their entirety.

**Auction**.

6.      The Debtor is authorized, subject to the terms of this Order and the Bid Procedures, to take actions reasonably necessary, in the discretion of the Debtor in consultation with the Consultation Parties, to conduct and implement the Auction as set forth in the Bid Procedures. Unless otherwise set forth herein, the Bid Procedures shall govern and control all manner of bidding and the Auction in accordance with its terms.

7.      Each Qualified Bidder participating in the Auction will be required to confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the bidding, (ii) its Qualified Bid is a good-faith bona fide offer, and (iii) it intends to consummate the proposed Sale if selected as the Successful Bidder.

8.      Other than as expressly set forth in this Order or the Bid Procedures, the Debtor (in consultation with the Consultation Parties) reserves the right as it may determine in its sole discretion to be in the best interests of its estate and in the exercise of its fiduciary duties to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in compliance with the requirements of the Bid Procedures or the requirements of the Bankruptcy

5

Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) impose additional terms and conditions with respect to all potential bidders (other than the Stalking Horse Bidder); (f) extend the deadlines set forth in this Order or in the Bid Procedures, (g) modify the Bid Procedures without prior notice or Court order; and (h) continue or cancel the Auction or the Sale Hearing, including by announcement in open court without further notice.

9.      In recognition of the considerable time, energy, and resources that the Stalking Horse Bidder has expended in connection with the Stalking Horse Bidder is not the Successful Bidder (or if the Debtor consummates Successful Bidder (or if the Debtor consummates any plan or sale of the Purchased Assets other than the Stalking Horse Transaction), the Stalking Horse Bidder shall be entitled to the Bid Protections, including a Break-Up Fee equal to the $150,000, and an Expense Reimbursement of up to $50,000, both of which shall be payable solely from and subject to the Debtor's receipt of the proceeds from an Alternative Transaction.  Subject to the occurrence of an Alternative Transaction and the Debtor's receipt of the proceeds, the Bid Protections shall be deemed allowed administrative expenses under sections 503(b) and 507(a)(2) of the Bankruptcy Code and shall be paid in accordance with the provisions of the Stalking Horse APA in the event that the Stalking Horse Bidder is not the Successful Bidder.

**Sale Hearing Notice and Related Relief.**

10.      The Sale Notice is hereby approved.

**Other Related Relief.**

11.      Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

6

12.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13.     To the extent the provisions of this Order are inconsistent with the provisions of any exhibits referenced in this Order or the Motion, the provisions of this Order shall control.

14.     The Debtor is authorized and empowered to take any actions it deems necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or enforcement of this Order.

**SO ORDERED**

Dated:  February 10, 2022

_____
Hon. Frank J. Bailey
United States Bankruptcy Judge

7

**EXHIBIT 1**

**Bid Procedures**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

------------------------------------------------------------x

In re:                                                    :          Chapter 11
                                                          :
SHAMROCK FINANCE LLC,                                     :          Case No. 21-10315-FJB
                                                          :
                     Debtor.                              :
                                                          :
                                                          :
                                                          :
------------------------------------------------------------x

**BID PROCEDURES**

      Shamrock Finance LLC, a Massachusetts limited liability company, as debtor in possession in the above-captioned chapter 11 case (the "Debtor") has executed that certain *Asset Purchase Agreement* (together with all exhibits, schedules, and attachments thereto, the "APA"), dated as of February 2, 2022, with Lendbuzz, Inc. ("Lendbuzz"), by which Lendbuzz or a designee of Lendbuzz as permitted pursuant to the APA (the "Stalking Horse Bidder") proposes to purchase certain of the Debtor's assets (the "Purchased Assets") pursuant to a sale under section 363 of the Bankruptcy Code.  The Stalking Horse Bidder's proposal to acquire the Debtor's Purchased Assets in accordance with the APA is referred to as the "Stalking Horse Transaction."

      On [_____, 2022], the Bankruptcy Court entered an order [Docket No. __] (the "Order") approving these Bid Procedures (the "Bid Procedures").  These Bid Procedures set forth the process by which the Debtor, in consultation with the Consultation Parties (defined below), will solicit and evaluate higher or otherwise better Bids for the acquisition of the Purchased Assets.  If the Debtor receives one or more Qualified Bids, in addition to the Stalking Horse Transaction, the Debtor will conduct an auction (the "Auction") among such Qualified Bidders in accordance with these Bid Procedures.  If the Debtor does not receive a Qualified Bid (other than that of the Stalking Horse Bidder), the Debtor will not conduct an Auction and shall designate the Stalking Horse Bidder as the Successful Bidder.

      The Debtor will consider Bids that are structured as an offer to purchase the Purchased Assets in a sale under section 363 of the Bankruptcy Code (a "Sale").

### KEY SALE PROCESS DATES

Subject to the Debtor's rights set forth in these Bid Procedures, the proposed key dates for the sale process are as follows:

| | |
|---|---|
| March 11, 2022 at 12:00 p.m. | Bid Deadline |
| March 11, 2022 at 12:00 p.m. | Deadline to object ("Sale Objection Deadline")[1] to Sale ("Sale Objections") |
| [March 14, 2022 at 9:30 a.m. | Auction to be held in open Court remotely (if necessary) |
| [March 14, 2022 at 9:30 a.m. (immediately after the Auction) | Sale Hearing |
| March 18, 2022 | Closing |

### Marketing Process

#### I.    Contact Parties

The Debtor may distribute (to the extent not already distributed) to each Contact Party and any other interested party or potential bidder (each, a "Potential Bidder") an "Information Package" consisting of: (i) a copy of these Bid Procedures, the Order, and the Motion; (ii) a form confidentiality agreement and non-solicitation agreement (a "Confidentiality Agreement"), which shall include typical non-disclosure provisions and other agreements by the Potential Bidder not to solicit employees of the Debtor; and (iii) such other materials as may be appropriate under the circumstances.

For purposes of these Bid Procedures, information that must be provided to the "Notice Parties" must be provided to the following parties: (i) counsel to the Debtor, Jeffrey D. Sternklar LLC, 101 Federal Street, 19th Floor, Boston, MA 02110 [attn. Jeffrey D. Sternklar, jeffrey@sternklarlaw.com]; (ii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Murphy & King, P.C., 28 State Street, Suite 3101, Boston, MA 02109 [Attn: Harold B. Murphy, hmurphy@murphyking.com]; (iii) counsel to the Stalking Horse Bidder, DLA Piper LLP (US), 6225 Smith Avenue, Baltimore, MD 21209-3600 [attn. Mark Friedman, mark.friedman@us.dlapiper.com]; and (iv) the Office of the United States Trustee for Region 1,

---

[1]      This objection deadline applies to all objections to the Motion and the sale of the Purchased Assets to a Successful Bidder, with the exception of objections solely related to the identity of the Successful Bidder, and adequate assurance of future performance under section 365 of the Bankruptcy Code, if any, by the Successful Bidder.

EAST\187422366.1

J.W. McCormack Post Office & Courthouse, 5 Post Office Sq., 10th Fl, Ste. 1000, Boston, MA 02109 [Attn: Eric K. Bradford, erik.k.bradford@usdoj.gov].

For purposes of these Bid Procedures, the term "Consultation Parties" shall mean the Committee and its counsel and other advisors.

## II.    Participation Requirements

To receive due diligence information, including full access to the Debtor's electronic data room and to additional non-public information regarding the Debtor, a Potential Bidder, other than the Stalking Horse, must deliver the following documents (collectively, the "Preliminary Bid Documents") by email to each of: (i) counsel to the Debtor, Jeffrey D. Sternklar LLC, 101 Federal Street, 19th Floor, Boston, MA 02110 [attn. Jeffrey D. Sternklar, jeffrey@sternklarlaw.com]; and (ii) counsel to the Committee, Murphy & King, P.C., 28 State Street, Suite 3101, Boston, MA 02109 [Attn: Harold B. Murphy, hmurphy@murphyking.com]:

a.    an executed Confidentiality Agreement on terms acceptable to the Debtor, to the extent not already executed; and

b.    evidence by the Potential Bidder of its financial capacity to close a proposed transaction, which may include financial statements of, or verified financial commitments obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the Purchased Assets, the party that will bear liability for a breach).

The Debtor, in consultation with the Committee, shall determine in its sole discretion whether any Potential Bidder has the financial capacity to close a proposed transaction after reviewing the information set forth above. Forthwith after such determination, the Debtor shall notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents so that the Potential Bidder may proceed to conduct due diligence and ultimately submit a Bid and participate in the Auction, as applicable. Only those Potential Bidders that have submitted acceptable Preliminary Bid Documents (each, a "Bidder") may submit Bids.

As soon as reasonably practicable after the Debtor, in consultation with the Consultation Parties, determine that a Potential Bidder is a Bidder, the Debtor will provide such Bidder with access to reasonable due diligence information as requested by such Bidder (to the extent such Bidder has not already been provided such information). All due diligence requests must be directed to counsel to the Debtor. Counsel to the Debtor will work to facilitate meetings between any interested Bidder and the Debtor's management team. For all Potential Bidders, the due diligence period will end on the Bid Deadline, and after the Bid Deadline, the Debtor will have no obligation to furnish any due diligence information.

The Debtor and its advisors will coordinate all reasonable requests from Bidders for additional information and due diligence access made prior to the Bid Deadline. The Debtor, in consultation with the Consultation Parties, may decline to provide such information to Bidders who, in the Debtor's sole business judgment and in consultation with the Consultation Parties,

10

have not established, or who have raised doubt, that such Bidder intends in good faith or has the capacity to consummate a Transaction.

For any Bidder who is a competitor of the Debtor, in litigation (including appeals therefrom) with the Debtor or is affiliated with any competitor or litigation counterparty of the Debtor, the Debtor reserves the right to withhold, in consultation with the Consultation Parties, any diligence materials that the Debtor determines are business-sensitive or otherwise inappropriate for disclosure to such Bidder at such time.

Each Bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtor or its advisors regarding such Bidder and its contemplated Transaction.

### Stalking Horse Bid Deadline and Bid Protections

The Stalking Horse Bidder shall be deemed to be a Qualified Bidder at all times. Likewise, the APA shall at all times be deemed a Qualified Bid (as defined herein). The Stalking Horse is not required to provide any Deposit other than the deposit set forth in the APA.

In recognition of the considerable time, energy, and resources that the Stalking Horse Bidder has expended in connection with the Stalking Horse Transaction, the Debtor has agreed that if the Stalking Horse Bidder is not the Successful Bidder (or if the Debtor consummates any sale of all or substantially all of the Debtor's Assets other than the Stalking Horse Transaction), the Stalking Horse Bidder shall be entitled to the following Bid Protections, to be paid solely from the proceeds of an Alternative Transaction: (1) a Break-Up Fee equal to $150,000, and (2) Expense Reimbursement of up to $50,000.

The Bid Protections are payable pursuant to the terms and conditions of, and under certain circumstances as set forth in, the APA.  Payment of the Bid Protections shall be governed by the APA and the Order, and shall only be payable, if at all, from the proceeds of an Alternative Transaction.  If the Debtor receives the proceeds of an Alternative Transaction, then the Bid Protections will be an allowed super-priority administrative expense claim in accordance with the terms of the APA and pursuant to the Order, senior to all other administrative expense claims against the Debtor's estate.

The Stalking Horse Bidder shall have standing to appear and be heard on all issues related to the Auction, the Sale, and related matters, including the right to object to the conduct of the Auction and interpretation of these Bid Procedures.

### Auction Process

### I.    Bid Deadline

A Bidder that desires to make a proposal, solicitation, or offer (each, a "Bid") shall transmit such proposal, solicitation, or offer via email to counsel for the Debtor and the Committee so as to be **actually received** by them on or before **March 11, 2022** at 12:00 p.m. (the "Bid Deadline").

## II.   Bid Requirements

Each Bid by a Bidder must be submitted in writing and satisfy the following requirements (collectively, the "Bid Requirements"):

a.   Purpose:  Each Bid must identify the assets it wishes to purchase, and, with respect to such assets, state that it includes an offer by the Bidder to purchase the Purchased Assets and any other assets of the estate that the Bidder seeks to purchase in its Bid.

b.   Purchase Price:  Each Bid must clearly set forth the terms of any proposed Transaction, including and identifying separately any cash and non-cash components of the proposed Transaction consideration, such as certain liabilities to be assumed by the Bidder as part of the Transaction, for example (the "Purchase Price").  Each Bid must allocate the Purchase Price among the Purchased Assets and any other assets of the estate that the Bidder proposes to purchase pursuant to the Bid, but such allocation shall not be binding on the Debtor.

c.   Deposit:  Each Bid must be accompanied by a cash deposit of $150,000 in good and immediately available funds, wired to counsel to the Debtor's IOLTA client funds account or such other account as designated by the Debtor, pursuant to wire instructions provided by the Debtor..

d.   Marked Agreement:  Each Bid must include, at a minimum, a draft asset purchase agreement (the "APA"), together with a redline version of the revised APA against the APA, including the exhibits and schedules related thereto and any related Transaction documents or other material documents integral to such Bid, pursuant to which the Bidder proposes to effectuate the Transaction (collectively, the "Transaction Documents").  Each Bidder's APA must provide (i) a commitment to close within two business days after all closing conditions are met and, in any event, no later than [**March 18**, **2022**], and (ii) a representation that the Bidder will use its reasonable best efforts to satisfy all applicable regulatory conditions.

e.   Committed Financing:  To the extent that a Bid is not accompanied by evidence of the Bidder's capacity to consummate the Transaction set forth in its Bid with cash on hand, each Bid must include evidence of committed financing that demonstrates that the Bidder has received sufficient debt and/or equity funding commitments to satisfy the Bidder's Purchase Price and other obligations under its Bid.  Such funding commitments or other financing must be acceptable to the Debtor in its sole discretion (in consultation with the Consultation Parties) and must be unconditional and not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions acceptable to the Debtor (in consultation with the Consultation Parties).

f.   Contingencies; No Financing or Diligence Outs:  A Bid shall not be conditioned on a Bidder obtaining, or the sufficiency of, financing or any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of

12

specified representations and warranties or the satisfaction at the closing of specified conditions.

g.    <u>Identity</u>:  Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid (including each equity holder or other financial backer of the Bidder if such Bidder is an entity formed for the purpose of consummating the proposed Transaction contemplated by such Bid), and the complete terms of any such participation.  Under no circumstances shall any undisclosed principals, equity holders, or financial backers be associated with any Bid.  Each Bid must also include contact information for the specific person(s) and counsel whom the Debtor's advisors should contact regarding such Bid.

h.    <u>Authorization</u>:  Each Bid must contain evidence that the Bidder has obtained authorization or approval from its board of directors (or a comparable governing body acceptable to the Debtor) with respect to the submission of its Bid and the consummation of the Transactions contemplated in such Bid.

i.    <u>Substantial Contribution Waiver</u>:  Each Bid must contain an express waiver, effective upon submission of the Bid, of any substantial contribution claims by the Bidder.

j.    <u>As-Is, Where-Is</u>:  Each Bid must include a written acknowledgement and representation that the Bidder: (1) has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer; (2) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Transaction Documents.

k.    <u>Same or Better Terms</u>:  Each Bid shall be based on the Stalking Horse Bid as set forth herein and must be on terms that are not more burdensome than the terms of the Stalking Horse Bid, as determined by the Debtor in its sole discretion, in consultation with the Consultation Parties, and considering, among other factors, the scope and manner of the proposed transaction.

l.    <u>Same Pool of Purchased Assets</u>:  Each Bid shall be for the same pool of Purchased Assets, as such Purchased Assets are set forth or otherwise described in the Stalking Horse APA, but may also include any other assets of the estate.

m.    <u>Expenses; Disclaimer of Fees</u>:  Each Bid (other than that set forth in the APA) must disclaim any right to receive a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation.  For the avoidance of doubt, no Potential Bidder (other than the Stalking Horse Bidder) will be permitted to request, nor be granted by the Debtor, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, and by

13

submitting a Bid any Potential Bidder is waiving any assertion or request for reimbursement on any basis, including under section 503(b) of the Bankruptcy Code.

By submitting its Bid, each Bidder is agreeing, and shall be deemed to have agreed to abide by and honor the terms of the Bid Procedures and to refrain from submitting a Bid or seeking to reopen the Auction after conclusion of the Auction. **The submission of a Bid shall constitute a binding and irrevocable offer to acquire the Purchased Assets reflected in such Bid.**

## III.    Designation of Qualified Bidders

A Bid will be considered a "Qualified Bid," and each Bidder that submits a Qualified Bid will be considered a "Qualified Bidder," if the Debtor, in consultation with the Consultation Parties, determines in its sole discretion that such Bid:

a.    satisfies the Bid Requirements;

b.    is reasonably likely (based on availability of financing, antitrust, or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid (as defined below), within a time frame acceptable to the Debtor (in consultation with the Consultation Parties); and

c.    The Debtor (after consultation with the Consultation Parties) will use commercially reasonable efforts promptly to notify each Qualified Bidder whether such party is a Qualified Bidder and shall provide the Notice Parties (as defined below), as well as the Stalking Horse Bidder with a copy of each Qualified Bid.

If any Bid is determined not to be a Qualified Bid, the Debtor will refund such Bidder's Deposit promptly after the Bid Deadline.

Between the time that the Debtor notifies a Bidder that it is a Qualified Bidder and the Auction date, the Debtor may (in consultation with the Consultation Parties) discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder. Without the prior written consent of the Debtor (in consultation with the Consultation Parties), a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase its Purchase Price, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bid Procedures; *provided that* any Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bid Procedures. As stated above, the Stalking Horse shall be deemed a Qualified Bidder at all times, and the APA shall be a Qualified Bid.

If any Bid is determined not be a Qualified Bid, the Debtor may (in consultation with the Consultation Parties) work with such Bidder to revise its Bid so that, as revised, it constitutes Qualified Bid. Potential Bidders shall have until the Qualified Bid Deadline to remedy any deficiencies with respect to non-conforming or non-Qualified Bids.

14

## IV.    The Auction

If necessary, the Auction shall take place at the same time as the Sale Hearing on **March 14, 2022 at 9:30 a.m.** at the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, Courtroom 1, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109-3945, electronically and remotely in accordance with a separate order of this Court.

No later than **March 14, 2022**, the Debtor will notify all Qualified Bidders of the highest or otherwise best Qualified Bid (the "Baseline Bid") and provide copies of the documents supporting the Baseline Bid, if any, to all Qualified Bidders.   The determination of which Qualified Bid constitutes the Baseline Bid and which Qualified Bid constitutes the Successful Bid shall take into account any factors the Debtor (in consultation with the Consultation Parties) deems relevant in its sole discretion to the value of the Qualified Bid to the Debtor's estate, including, among other things: (a) the type and amount of Assets sought to be purchased in the Bid; (b) the amount and nature of the total consideration; (c) the likelihood of the Bidder's ability to close a transaction and the timing thereof including any terms or consideration of such Qualified Bid; (d) the net economic effect of any changes to the value to be received by the Debtor's estate from the transaction contemplated by the Baseline Bid; and (e) the tax consequences of such Qualified Bid (collectively, the "Bid Assessment Criteria").

The Auction shall be conducted according to the following procedures:

a.    The Debtor Shall Preside Over the Auction; Participation and Attendance at the Auction

The Debtor and its professionals shall direct and preside over the Auction.  The presiding Bankruptcy Judge may attend the Auction and hear and determine any and all controversies that may arise at the Auction.  At the start of the Auction, the Debtor shall describe the terms of the Baseline Bid.  All incremental Bids made thereafter shall be Overbids (as defined herein) and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders.

Only Qualified Bidders that have submitted Qualified Bids by the Qualified Bid Deadline are eligible to participate at the Auction, subject to the terms of these Bid Procedures and other limitations as may reasonably be imposed by the Debtor in consultation with the Consultation Parties. Qualified Bidders participating in the Auction must appear at the Auction in person or through a duly authorized representative.  The Consultation Parties may attend the Auction. Other persons and entities who are not Qualified Bidders may attend the Auction solely at the discretion of the Debtor, in consultation with the Consultation Parties.  Only Qualified Bidders (including the Stalking Horse Bidder) will be entitled to make any Bids at the Auction.

Terms of Overbids

"Overbid" means any bid made at open cry at the Auction by a Qualified Bidder after the Debtor's announcement of the Baseline Bid.  Each Overbid must comply with the following conditions:

15

(i)     <u>Minimum Initial Overbid</u>.  Any Overbid following the Baseline Bid shall be no less than $250,000.

(ii)    <u>Minimum Overbid Increment</u>.  Any Overbid to a Prevailing Highest Bid (as defined below) shall be in increments of no less than $50,000.[2]

(iii)   <u>Conclusion of Each Overbid Round</u>.  Upon the solicitation of each round of Overbids, the Debtor may announce a deadline (the "<u>Overbid Round Deadline</u>"), subject to extension by the Debtor in consultation with the Consultation Parties, by which time any Overbids must be submitted to the Debtor.

(iv)    <u>Announcing Highest Bid</u>.  After each Overbid Round Deadline, the Debtor shall determine, in consultation with the Consultation Parties and taking into account the Bid Assessment Criteria, whether an Overbid is higher or otherwise better than the Baseline Bid in the initial Overbid round or, in subsequent rounds, the Overbid previously designated by the Debtor as the prevailing highest or otherwise best Bid (the "<u>Prevailing Highest Bid</u>").  The Debtor shall announce and describe to all Qualified Bidders present at the Auction the material terms of any new Overbid designated by the Debtor as the Prevailing Highest Bid, the identity of the bidder with the Prevailing Highest Bid, as well as the value attributable by the Debtor to such Prevailing Highest Bid based on, among other things, the Bid Assessment Criteria.

(v)     <u>Sealed Bidding</u>.  The Debtor may, in its sole discretion and in consultation with Consultation Parties, require bids be provided on a sealed, closed basis after any Overbid Round Deadline.

b.      <u>Consideration of Overbids</u>

The Debtor, in consultation with the Consultation Parties, reserves the right to adjourn the Auction as necessary to (i) facilitate discussions between the Debtor and Qualified Bidders, (ii) provide Qualified Bidders with additional time to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to offer such additional evidence as the Debtor may require, such as with respect to financial capacity or sufficient funding or financing, in order to consummate the proposed Transaction at the prevailing Overbid amount.

c.      <u>Closing the Auction</u>

The Auction shall continue until there is only one Qualified Bid that the Debtor determines in its sole discretion, after consultation with the Consultation Parties, and taking into account the Bid Assessment Criteria, to be the highest or otherwise best Qualified Bid for the Assets.  Such Qualified Bid shall be declared the "<u>Successful Bid</u>," and such Qualified Bidder, the "<u>Successful Bidder</u>," and the Auction will be closed.  Such acceptance by the Debtor of the

---

[2]     Any Overbid to a Prevailing Highest Bid by any party other than the Stalking Horse Bidder must provide more value for the Debtor's estate than any prior bid after taking into account the Bid Protections in each round of bidding.

Successful Bid (to be made in accordance with the terms of this section IV(c) of the Bid Procedures) is conditioned upon approval by the Court of the Successful Bid. Following the closing of the Auction, the Debtor shall not initiate contact with, solicit, or encourage proposals from any person or entity with respect to the Assets.

d.    No Collusion; Good-Faith *Bona Fide* Offer

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction and provide the Debtor with affidavits or other evidence requested by the Debtor, for submission to the Court, that (i) it has not engaged in any collusion with respect to the bidding, (ii) its Qualified Bid is a good-faith *bona fide* offer, and (iii) it intends to consummate the proposed Transaction if selected as the Successful Bidder.

## V.    Reservation of Rights

Without prejudice to the rights of the Stalking Horse Bidder under the terms of the APA, the Debtor reserves its rights to modify these Bid Procedures, after consultation with the Consultation Parties, in any manner that they reasonably determine will best promote the goals of these Bid Procedures, or impose, at or prior to the Auction, additional customary terms and conditions in connection with a Sale, including, without limitation: (a) extending the deadlines set forth in these Bid Procedures; (b) adjourning the Auction at the Auction; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; and (e) rejecting any or all Bids or Qualified Bids.

For the avoidance of doubt, nothing in these Bid Procedures shall prevent the Debtor from exercising its fiduciary duties under applicable law.

## VI.    Consent to Jurisdiction

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction or the construction and enforcement of these Bid Procedures.

## VII.    Sale Hearing / Confirmation Hearing

A hearing to consider approval of the Successful Bid (or to approve the APA, as applicable, if no Auction is held) (the "Sale Hearing") is proposed to take place immediately following the closing of the Auction, on **March 14, 2022 at 9:30 a.m.** at the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, Courtroom 1, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109-3945 electronically and remotely in accordance with a separate order of this Court.. At the Sale Hearing, the Debtor will present such Successful Bid to the Court for approval.

## VIII.    Return of Deposit

The Deposit of the Successful Bidder shall be applied to the purchase price of such transaction at closing. The Deposits for each Qualified Bidder shall be held in one or more

escrow accounts on terms acceptable to the Debtor in its sole discretion and shall be returned (other than with respect to the Successful Bidder) promptly after the Auction.

If a Successful Bidder fails to consummate a proposed transaction because of a breach by such Successful Bidder, the Debtor will not have any obligation to return the Deposit deposited by such Successful Bidder, which may be retained by the Debtor as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtor, without the need for an additional hearing or order of the Court.

## IX.    No Modification of Bid Procedures

These Bid Procedures may be modified with the express prior written consent of the Debtor, after consultation with the Consultation Parties, without advance notice or Court order.

EAST\187422366.1

## EXHIBIT 2

**Key Sale Process Dates**

| | |
|---|---|
| March 11, 2022 at 12:00 p.m. | Bid Deadline |
| March 11, 2022 at 12:00 p.m. | Deadline to object[3] to Sale |
| March 14, 2022 at 9:30 a.m. | Auction to be held (if necessary) |
| March 14, 2022 at 9:30 a.m. (immediately after the Auction) | Sale Hearing |
| March 18, 2022 | Closing |

---

[3]   This objection deadline applies to all objections to the Motion and the sale of the Purchased Assets to a Successful Bidder, with the exception of objections solely related to the identity of the Successful Bidder, and adequate assurance of future performance under section 365 of the Bankruptcy Code, if any, by the Successful Bidder.

**EXHIBIT 3**

**Sale Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

---------------------------------------------------------------x
                    :

In re:                           :           Chapter 11

                                 :

SHAMROCK FINANCE LLC,       :           Case No. 21-10315-FJB

                                 :

                Debtor.         :

                                 :

---------------------------------------------------------------x

**NOTICE OF AUCTION AND SALE HEARING**

**PLEASE TAKE NOTICE REGARDING THE FOLLOWING:**

       1.       On March 12, 2021, Shamrock Finance LLC (the "<u>Debtor</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Massachusetts (the "<u>Bankruptcy Court</u>").

       2.       On February 7, 2022, the Debtor entered into a First Amended and Restated Asset Purchase Agreement (the "<u>Stalking Horse APA</u>") with Lendbuzz, Inc. ("<u>Lendbuzz</u>"), by which Lendbuzz or a designee of Lendbuzz as permitted pursuant to the Stalking Horse APA (collectively, the "<u>Stalking Horse Bidder</u>") will acquire certain of the Debtor's assets (the "<u>Purchased Assets</u>").

       3.       On February 2, 2022, in connection with the proposed sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code (the "<u>Sale</u>") to the successful bidder (the "<u>Successful Bidder</u>") at an auction (the "<u>Auction</u>"), the Debtor filed a motion [Docket No. 335] (the "<u>Motion</u>"), seeking, among other things, (i) entry of an order (the "<u>Bid Procedures Order</u>") approving the bidding procedures (the "<u>Bid Procedures</u>") governing the solicitation of higher or otherwise better Bids; (ii) establishing procedures for the assumption and assignment of certain executory contracts; (iii) scheduling a Sale Hearing; and (iv) granting related relief [Docket No. __].

       4.       On [_____, 2022], the Bankruptcy Court entered the Bid Procedures Order [Docket No. __]. Pursuant to the Bid Procedures Order, if one or more Qualified Bids are received before the Bid Deadline (defined below), the Debtor will conduct the Auction among such

Qualified Bidders to determine the highest or otherwise best Qualified Bid, at beginning on [**March 11, 2022**], at the time and place, and in the manner, described in the Bid Procedures.

5.      Only Qualified Bidders that have submitted Qualified Bids by the Bid Deadline are eligible to participate in the Auction, subject to the terms of the Bid Procedures and other limitations as may reasonably be imposed by the Debtor. Qualified Bidders participating in the Auction must appear at the Auction in person or through a duly authorized representative.

6.      If the Debtor does not receive a Qualified Bid (other than that of the Stalking Horse Bidder), the Debtor will not conduct an Auction and shall designate the Stalking Horse Bidder as the Successful Bidder.

7.      A hearing to consider approval of the Successful Bid (or to approve the Stalking Horse APA, as applicable, if no Auction is held) (the "Sale Hearing") shall take place immediately after the closing of the Auction on **March 14, 2022 at 9:30 a.m.**, at [the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, Courtroom 1, J.W. McCormack Post Office & Court House, 5 Post Office Square, 12th Floor, Boston, MA 02109-3945 electronically and remotely in accordance with a separate order of this Court. At the Sale Hearing, the Debtor will present such Successful Bid to the Bankruptcy Court for approval.

8.      Objections, if any, to the Motion and the sale of the Purchased Assets to a Successful Bidder, must be filed with the Bankruptcy Court and served upon counsel to the Debtor and counsel to the Stalking Horse Bidder so as to be actually received by **March 11, 2022 at 12:00 p.m.**[4]. All such objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state with particularity the legal and factual bases for the objection and the specific grounds therefor; and (d) be filed with the Bankruptcy Court no later than the applicable objection deadline and served on (i) counsel to the Debtor and (ii) counsel to the Stalking Horse Bidder. ***Subject to footnote 1 below, any party who fails to timely file an objection to entry of the Sale Order (i) shall be forever barred from objecting thereto, (ii) shall be deemed to consent to the sale of the Purchased Assets as approved by any Sale Order, and (iii) shall be deemed to "consent" for purposes of Section 363(f)(2) of the Bankruptcy Code.***

9.      This notice is subject to the fuller terms and conditions of the Motion, the Bid Procedures, and the Bid Procedures Order. In the event of any conflict, the Bid Procedures shall control, and the Debtor encourage parties in interest to review such documents in their entirety. Parties interested in receiving more information regarding the Sale and/or copies of any related document, including the Motion, the Bid Procedures and the Bid Procedures Order, may make a written request to counsel for the counsel for the Debtor and shall be provided electronic copies at no charge. In addition, copies of the Motion, the Bid Procedures Order, and this notice are

---

[4] This objection deadline applies to all objections to the Motion and the sale of the Purchased Assets to a Successful Bidder, with the exception of objections solely related to the identity of the Successful Bidder, and adequate assurance of future performance under section 365 of the Bankruptcy Code, if any, by the Successful Bidder, all of which can be asserted at the Sale Hearing.

available upon written request by e-mail to counsel for the Debtor at jeffrey@sternklarlaw.com, and also can be found through PACER on the Bankruptcy Court's website, https://ecf.mab.uscourts.gov (registration required), and are on file with the Clerk of the Bankruptcy Court.

SHAMROCK FINANCE LLC,
By its attorney,

 /s/  Jeffrey D. Sternklar
Jeffrey D. Sternklar (BBO #549561)

Dated:  February    , 2022

JEFFREY D. STERNKLAR LLC
19TH Floor
101 Federal Street
Boston, MA  02110
jeffrey@sternklarlaw.com
Tel:  617-207-7800
Fax:  617-507-6530

22