DLA PIPER DRAFT 4/22/2022<br>
SUBJECT TO FRE 408<br>
FOR DISCUSSION PURPOSES ONLY<br>
Lendbuzz, Inc.<br>
100 Summer Street<br>
Boston, Massachusetts 02110<br>
<br>
Amitay Kalmar<br>
Chief Executive Officer<br>
amitay.kalmar@lendbuzz.com

April 25, 2022

VIA EMAIL
Shamrock Finance LLC
9 Turnpike Road
Ipswich, Massachusetts 01938
Attn: William R. Dewey, IV
Email: wdewey@m-mmg.com

  Re: Post-Closing Letter Agreement

Dear Mr. Dewey:

  Lendbuzz, Inc. ("Lendbuzz") is appreciative of Shamrock Finance LLC's ("Shamrock", and together with Lendbuzz, the "Parties") efforts to date in consummating the transactions contemplated by that certain *First Amended and Restated Asset Purchase Agreement*, dated as of February 7, 2022 (the "Asset Purchase Agreement"), by and between Shamrock and Lendbuzz, which closing occurred on March 23, 2022 (the "Closing" or the "Closing Date" as applicable).

  Capitalized terms used but not otherwise defined in this Letter Agreement (the "Letter Agreement") shall have the meaning set forth in the Asset Purchase Agreement.

  In connection with the Closing and in an effort to ease the transition of the Purchased Assets from Shamrock to Lendbuzz, and for the mutual benefit of the Parties, Lendbuzz is proposing this Letter Agreement for Lendbuzz's short-term, post-Closing use and occupancy certain office space located at 9 Turnpike Road, Ipswich, MA 01938 (the "Office Space") (the "U&A Agreement"), the terms of which are provided herein below:

  1. Term.  Three (3) months.  This U&A Agreement shall begin, and be deemed effective, on April 1, 2022 and shall expire on July 1, 2022.  For the avoidance of doubt, the Parties may agree in writing to extend the term of this Lease.

  2. Use and Occupancy Payments.  $3,500.00 per month, plus all utilities (including, without limitation, all telephone, electricity, heating, gas and similar charges) for which Shamrock is responsible, payable on the first day of each month and not later than the fifth day of each month of the Term.

3. <u>Use</u>.  Lendbuzz shall be entitled to use the entirety of the Office Space and the equipment located therein, including, but not limited to, office furniture, computers, and telephones (collectively, the "<u>Equipment</u>").

4. <u>Shamrock's Obligations</u>.  Shamrock shall provide Lendbuzz with full and free access to the Office Space, and shall otherwise make available all Equipment for the term of the U&A Agreement.  In connection therewith, Shamrock shall provide Lendbuzz with any keys or other access codes necessary for use of the Office Space and/or the Equipment.

5. <u>Lendbuzz's Obligations</u>.  Lendbuzz shall use commercially reasonable efforts to keep the Office Space and the Equipment in the same condition as at the start of the Lease term, subject to normal wear and tear.  Lendbuzz shall also promptly make all payments due and owing to Shamrock under the U&A Agreement, time being of the essence.

6. <u>Indemnity</u>.  Lendbuzz hereby indemnifies and holds Shamrock harmless of and from any and all claims, demands, damages, costs and expenses related to or arising out of Lendbuzz's use and occupancy of the Office Space pursuant to this U&A Agreement.

   a. For the avoidance of doubt, such claims, demands, damages, costs and expenses shall include, to the extent applicable, quarterly fees due and payable to the Office of the United States Trustee under 28 U.S.C. §1930(a)(6) related to or arising under this U&A Agreement ("<u>UST Fees</u>").  Lendbuzz shall have standing to object to and be heard in any contested matter or adversary proceeding seeking the determination of the amounts owed, if any, for UST Fees.

   b. For the further avoidance of doubt, Lendbuzz represents that it maintains insurance policies sufficient to cover any and all claims, demands, damages, costs and expenses related to or arising out of Lendbuzz's use and occupancy of the Office Space pursuant to this U&A Agreement.  Upon request, Lendbuzz shall provide Shamrock and the Office of the United States Trustee written evidence reasonably satisfactory to Shamrock of the existence and enforceability of such insurance.

7. <u>Assignment</u>.  Lendbuzz may not assign its rights under this U&A Agreement to any third party without the express written consent of Shamrock.  Notwithstanding the foregoing, Lendbuzz may freely assign its rights under this U&A Agreement to any of its affiliated entities, but in all instances shall remain liable to Shamrock in accordance with the terms of this U&A Agreement.

8. <u>Default; Breach</u>.  The following shall constitute an event of default under U&A Agreement, each of which shall constitute a material breach of this U&A Agreement:

   a. Failure of Lendbuzz to make any payment under Section 2 herein by the fifth day of each month during the term of the U&A Agreement;

   b. The failure of Shamrock to provide full and free access to the Office Space or the Equipment; and

    c. The failure of Lendbuzz to use commercially reasonable efforts to keep the Office Space and the Equipment in the same condition as at the start of the U&A Agreement Term, subject to normal wear and tear.

  9. <u>Shamrock Rights Upon Lendbuzz Default</u>.  Upon the occurrence of any default by Lendbuzz as set forth above, Shamrock shall have the right, upon five (5) days' notice, to terminate Lendbuzz's right to continue to use and occupy the Office Space pursuant to this U&A Agreement, and recover all damages arising from or related to Lendbuzz's default.  Lendbuzz's obligations to Shamrock pursuant to this U&A Agreement, including, without limitation, Lendbuzz's obligations under paragraph 6 of this Letter Agreement, shall continue in full force and effect from and after any termination of Lendbuzz's rights to use and occupy the Office Space pursuant to this paragraph 9.  The parties agree that this U&A Agreement (a) does not create a tenancy or transfer any interest in the Office Space by Shamrock to Lendbuzz, and (b) is only a license by Shamrock to Lendbuzz to use and occupy the Office Space subject to and in accordance with this Agreement.  Lendbuzz shall cease and terminate all use and occupancy of the Office Space upon the occurrence of any default by Lendbuzz as set forth above and Shamrock shall be entitled to seek an order from any court of competent jurisdiction enforcing such termination in addition to any and all other rights and remedies available to Shamrock. .

  10. <u>Severability</u>.  To the extent any provision of this Letter Agreement or the Lease is deemed invalid, illegal, or unenforceable, the remaining provisions of this Letter Agreement or the Lease shall remain in full effect.

  11. <u>Notices</u>.  All notices, consents, or other communications related to or contemplated by this Letter Agreement shall be in writing and sent to the following individuals via email or first class mail:

    If to Lessor, to:

    Shamrock Finance LLC
    Attn: William R. Dewey, IV
    9 Turnpike Road
    Ipswich, Massachusetts 01938
    Email: wdewey@m-mmg.com

    With a copy (which shall not constitute effective notice) to:

    Jeffrey D. Sternklar LLC
    Attn: Jeffrey Sternklar, Esq.
    101 Federal Street, Suite 1900
    Boston, Massachusetts 02110-1861
    Email: jeffrey@sternklarlaw.com

    If to Lessee, to:

>Lendbuzz, Inc.
>Attn: Amitay Kalmar
>100 Summer Street
>Boston, Massachusetts 02110
>
>With a copy (which shall not constitute effective notice) to:
>
>DLA Piper LLP (US)
>Attn: Mark Friedman, Esq.
>The Marbury Building
>6225 Smith Avenue
>Baltimore, Maryland 21209-3600
>Email: mark.friedman@us.dlapiper.com
>
>-and-
>
>DLA Piper LLP (US)
>Attn: Matthew Sarna, Esq.
>1201 North Market Street, Suite 2100
>Wilmington, Delaware 19801
>Email: matthew.sarna@us.dlapiper.com

12. <u>Bankruptcy Court Approval</u>. This Letter Agreement and the underlying Lease shall be subject to approval by the Bankruptcy Court, which approval may be retroactive in effect. The Lessor shall use its best efforts to move for approval of this Letter Agreement and the Lease within two (2) business days of the Lessor's execution of this Letter Agreement.

[*Remainder of Page Intentionally Left Blank*]

13.   <u>Governing Law</u>.  This Letter Agreement and the Lease shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, which shall govern without giving effect to choice of law principles thereof (except for any laws of that state which would render such choice of laws ineffective), including all matters of construction, validity, and performance.

Sincerely,

_____
Amitay Kalmar
Chief Executive Officer of Lendbuzz, Inc.

*Accepted and agreed to by the undersigned as of this [\_\_\_] day of April 2022.*

SHAMROCK FINANCE LLC

_____
By: William R. Dewey, IV
Its: Chief Restructuring Officer

13. <u>Governing Law</u>. This Letter Agreement and the Lease shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, which shall govern without giving effect to choice of law principles thereof (except for any laws of that state which would render such choice of laws ineffective), including all matters of construction, validity, and performance.

Sincerely,

*[signature]*

George Sclavos
Chief Financial Officer of Lendbuzz, Inc.

*Accepted and agreed to by the undersigned as of this [___] day of April 2022.*

SHAMROCK FINANCE LLC

_____
By: William R. Dewey, IV
Its: Chief Restructuring Officer

5

EAST\189721056.3

13. **Governing Law.** This Letter Agreement and the Lease shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, which shall govern without giving effect to choice of law principles thereof (except for any laws of that state which would render such choice of laws ineffective), including all matters of construction, validity, and performance.

Sincerely,

_____
Amitay Kalmar
Chief Executive Officer of Lendbuzz, Inc.

*Accepted and agreed to by the undersigned as of this 29th day of April 2022.*

SHAMROCK FINANCE LLC

_____
By: William R. Dewey, IV
Its: Chief Restructuring Officer

5