# EXHIBIT A

# LIQUIDATING TRUST AGREEMENT

## Of

## SHAMROCK FINANCE, LLC

### Relating to Joint Liquidating Plan of Reorganization

This *Liquidating Trust Agreement of Shamrock Finance, LLC Relating to Joint Liquidating Plan of Reorganization* ("Agreement") is entered into as of the ____ day of _____, 2022, by, between Shamrock Finace, LLC (the "Debtor") and _____ (the "Liquidating Trustee").

### WITNESSETH:

WHEREAS, on _____, the Joint Liquidating Plan of Reorganization of Shamrock Finance, LLC (the "Plan'), as filed in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") in Chapter 11, Case No. 21-10315-FJB, was confirmed by the Bankruptcy Court pursuant to 11 U.S.C. § 1129 by entry of the confirmation order; and

WHEREAS, together with certain other provisions, the Plan provides for the Debtor and the Liquidating Trustee to enter into this Agreement relative to the administration of the assets (the "Liquidating Trust Assests") of the liquidating trust (the "Liquidating Trust") subsequent to confirmation of the Plan; and

WHEREAS, the Liquidating Trustee is willing to accept the duties of Liquidating Trustee upon such terms and conditions as are hereinafter set forth; and

NOW, THEREFORE, for and in consideration of the premises and mutual covenants herein contained, pursuant to the Plan, the Debtor and the Liquidating Trustee do hereby covenant and agree as follows:

## ARTICLE I

*Definitions; Interpretive Rules.*

1. *Defined Terms; Rules of Interpretation.*

    1.1 *Capitalized Terms.* Capitalized terms used herein and not otherwise defined in this Agreement shall have the meanings assigned to them in the Plan. Any term that is not otherwise defined herein, but that is used in the Bankruptcy Code or the Bankruptcy Rules, will have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. For purposes of this Agreement, Disputed Claims shall be included in the Class in which such Claims would be included if such claims were Allowed Claims.

    1.2 *Computation of Time.* In computing any period of time prescribed or allowed by this Agreement, the provisions of Bankruptcy Rule 9006(a) will apply.

1.3  *Permitted Investments.* Permitted Investments shall mean equivalents of Cash in the form of readily marketable securities or instruments issued by a Person other than the Debtor or an Affiliate, including, without limitation, readily marketable direct obligations of, or obligations guaranteed by, the United States of America, commercial paper of domestic corporations carrying a Moody's Rating of "A" or better, or equivalent rating of any other nationally recognized rating service, interest-bearing certificates of deposit, or other similar obligations of domestic banks or other financial institutions included in the list of approved institutions promulgated by the Office of the United States Trustee.

1.4  *Rules of Interpretation.* For purposes of this Agreement, unless otherwise provided herein:

1.4.1  any reference in this Agreement to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions;

1.4.2  any reference in this Agreement to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified, or supplemented pursuant to this Agreement;

1.4.3  any reference to any entity as a holder of a Claim or Equity Interest includes that entity's successors, assigns, and affiliates;

1.4.4  except as otherwise specified, all references in this Agreement to Sections, Articles, and Exhibits are references to sections, articles, and exhibits of or to this Agreement;

1.4.5  the words "herein," "hereunder," and "hereto" refer to this Agreement in its entirety rather than to a particular portion of this Agreement;

1.4.6  the rules of construction set forth in section 102 of the Bankruptcy Code will apply; and

1.4.7  except where the context otherwise requires, words importing the masculine, feminine or neuter gender shall include the feminine, the masculine and the neuter, as appropriate; words importing the singular number shall include the plural number and vice versa; and words importing persons shall include partnerships, associations, and corporations.

1.5  *Headings.* The headings of the various Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

1.6  *Construction with the Plan.* The Plan is hereby incorporated fully by reference and is made a part hereof for all purposes. In the event of any inconsistency or conflict between the terms, conditions and provisions of this Agreement and the terms, conditions and provisions of the Plan, the terms, conditions and provisions of the Plan shall control.

**ARTICLE II**

*Purpose; Administration, Supervision.*

2.1    *Purpose of Agreement.* The Debtor and the Liquidating Trustee hereby enter into this Agreement for the purposes of (a) liquidating the Assets in the manner prescribed by the Plan and this Agreement; (b) distributing the Net Asset Proceeds therefrom to holders of Allowed Claims in Classes 4, 5, and 6 in accordance with the terms of the Plan by aggregating all Allowed Claims in Classes 4, 5, and 6 and distributing the Net Asset Proceeds to all such claimant on a proportionate basis; (c) liquidating the Participating Noteholder Claims; (d) distributing the Net Participating Noteholder Claim Proceeds to holders of Allowed Claims in Class 5 on a *pro rata* basis in accordance with the terms of the Plan; and (e) engaging in any and all other activities which shall be incidental thereto. All activities of the Liquidating Trustee shall be reasonably necessary to, and consistent with the accomplishment of, these purposes. The Liquidating Trustee shall be under an obligation to make continuing efforts to dispose of the Liquidating Trust Assets, make timely distributions, and not unduly prolong the duration of the Liquidating Trust.

2.2    *Administration of the Liquidating Trust Assets.* From and after the Effective Date, the Liquidating Trustee shall manage, administer, invest and reinvest all of the Liquidating Trust Assets, collect the income therefrom, and distribute the proceeds, all pursuant to the terms and conditions of the Plan and this Agreement. The Liquidating Trust, by and through the Liquidating Trustee, shall be authorized to prosecute any and all Avoidance Actions and Causes of Action in the name of the Debtor, as well as the Participating Noteholder Claims.

2.3    *Interests in Liquidating Trust.* The beneficial interests in the Liquidating Trust will not be represented by certificates, but rather shall consist of a *Pro Rata* share of the Liquidating Trust Assets. Beneficial interests in the Liquidating Trust will not be transferable except pursuant to the laws of descent and distribution or otherwise by operation of law.

2.4    *No Further Supervision.* The Liquidating Trustee may use, operate, and deal with the Liquidating Trust Assets without any supervision by the Bankruptcy Court, and free of any restrictions imposed on the Debtor by the Bankruptcy Code or by the Bankruptcy Court during the Bankruptcy Case.

## ARTICLE III

*Responsibilities, Post-Effective Date Management.*

3.1    *Responsibilities.*

3.1.1    The responsibilities of the Liquidating Trustee shall include (i) the receipt, management, supervision, and protection of the Liquidating Trust Assets on behalf of and for the benefit of the beneficiaries of the Liquidating Trust; (ii) pursuit of objections to, and estimations and settlements of, Disputed Claims; (iii) investigation, analysis, prosecution, and, if necessary and appropriate, compromise of the claims and Causes of Action included among the Liquidating Trust Assets, including, without limitation, the Avoidance Actions; (iv) calculation and implementation of all distributions to holders of Allowed Claims as provided under the Plan (the "Beneficiaries"); (v) marketing, selling, leasing, or otherwise disposing of all of the Liquidating Trust Assets; (vi) filing all required federal, state, and local tax returns and paying taxes and all

3

other obligations of the Liquidating Trust; and (vii) such other responsibilities as may be vested in the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement, orders of the Bankruptcy Court, or as necessary and proper to carry out the provisions of the Plan.

    3.1.2 The Liquidating Trustee shall act in a fiduciary capacity for the interests of the Beneficiaries as provided under the Plan.

  3.2 *Notice of the Effective Date.* On or before fifteen (15) Business Days after the Effective Date, the Liquidating Trustee shall file with the Court (or cause to be filed with the Court) and provide to all holders of Claims a Notice that informs such holders of the (a) entry of the Confirmation Order; (b) a statement confirming the occurrence of the Effective Date; (c) rejection of all other executory contracts not assumed pursuant to the Plan, as well as the deadline for the filing of Claims arising from such rejection; (d) procedures for changing an address of record pursuant to this Plan; and (e) such other matters as the Liquidating Trustee deems to be appropriate.

  3.3 *Post-Effective Date Management.* As provided for in the Plan and herein, the Liquidating Trustee shall have the exclusive right and duty, subject to the Plan, to manage the Liquidating Trust Assets, subject to certain limitations of liability as set forth herein.

  3.4 *Oversight Committee.* The Liquidating Trustee shall consult with the Oversight Committee respecting the liquidation of the Liquidating Trust Assets, the resolution of Disputed Claims, and the distribution of Liquidating Trust Assets in accordance with the Plan and the Liquidating Trust Agreement, provided that any action to be taken by the Liquidating Trustee shall be in its sole discretion consistent with its duties, rights, and powers set forth in the Plan and the Liquidating Trust Agreement. The Oversight Committee shall be effective as of the Effective Date of the Plan and shall remain and continue in force until the Liquidating Trust Agreement is terminated in accordance with the provisions therein.

## ARTICLE IV

*Duties, Rights and Powers of Liquidating Trustee and Debtor.*

  4.1 *Liquidating Trustee's Duties.* The Liquidating Trustee shall manage the Liquidating Trust Assets, collect the income and make distributions to the Beneficiaries as provided under the Plan, including final distributions, as provided under the Plan and shall thereupon take such steps as provided herein and as otherwise necessary and proper to close the Bankruptcy Case.

  4.2 *Liquidating Trustee's Rights and Powers.* The Liquidating Trustee shall have the powers and authority as set forth herein and in the Plan necessary to manage the Liquidating Trust Assets and effect the disposition, orderly liquidation and distribution of all Liquidating Trust Assets. The rights and powers shall include, subject to the limitations set forth in the Plan and this Agreement, the right and power to:

  (a) Sell at public or private sale, or exchange, transfer, or convey, on such terms and conditions, and at such time or times as the Liquidating Trustee shall determine, any or all of the

Liquidating Trust Assets (whether tangible or intangible); to that end, grant options, make contracts, retain brokers, and sign, seal, acknowledge, and deliver any and all proper deeds, or other instruments of conveyance or transfer thereof; and delegate to an attorney in fact the power to execute all documents necessary to accomplish a sale, lease, transfer, or exchange of any such property;

(b) Obtain and maintain such space, facilities, equipment, supplies and personnel as shall be reasonably necessary for the performance of the Liquidating Trustee's duties hereunder and under the Plan;

(c) Subject to any limitations contained in the Plan and the Liquidating Trust Agreement, pay, compromise, settle, adjust, agree to, investigate, pursue, or contest any and all claims, including claims described in the Plan and in the Liquidating Trust Agreement, other matters, or taxes;

(d) Pay all taxes, expenses and obligations of the Liquidating Trust out of the Assets;

(e) Investigate, prosecute, litigate, and settle any and all Avoidance Actions and Causes of Action that may belong to the Debtor or its Estate, including any Avoidance Action brought by the Debtor prior to the Effective Date, which Causes of Action, rights to payment and claims as of the Effective Date shall vest solely and exclusively in the Liquidating Trustee, for the benefit of the Liquidating Trust Beneficiaries, pursuant to the terms of the Plan; and

(f) (i) Invest funds; (ii) make distributions; (iii) pay taxes and other obligations owed by the Liquidating Trust or incurred by the Liquidating Trustee or the Debtor; (iv) engage and compensate from the Liquidating Trust Assets, consultants, agents, employees, and Professionals (including, without limitation, attorneys on a contingency fee basis) to assist the Liquidating Trustee with respect to the Liquidating Trustee's responsibilities; (v) retain and compensate from the Liquidating Trust Assets the services of experienced auctioneers, brokers, and/or marketing agents to assist and/or advise in the sale or other disposition of the Liquidating Trust Assets; (vi) liquidate and dispose of the Liquidating Trust Assets; (vii) compromise and settle Claims and Causes of Actions; (viii) act on behalf of the Debtor and its Estate in all adversary proceedings and contested matters (including, without limitation, the Avoidance Actions) pending in the Bankruptcy Court and in all actions and proceedings pending elsewhere; (ix) commence and/or pursue any and all actions involving Liquidating Trust Assets that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan; (x) utilize Liquidating Trust Assets to purchase appropriate insurance to insure the acts and omissions of the Liquidating Trustee; (xi) make distributions from the Plan Reserve; and (xii) act and implement the Plan, the Liquidating Trust Agreement, and orders of the Bankruptcy Court;

(g) Investigate, prosecute, litigate, and settle any and all Participating Noteholder Claims which Participating Noteholder Claims shall vest solely and exclusively in the Liquidating Trustee for the benefit of the Class 5 Liquidating Trust Beneficiaries.

4.3 *Limitations as to Losses.* The Liquidating Trustee shall not be responsible, and shall have no liability whatsoever, to any person for any loss to the Liquidating Trust or the amount of interest thereon resulting from the investment thereof in any Permitted Investments. The Liquidating Trustee shall not invest or reinvest any Liquidating Trust Assets in a security or instrument that does not constitute a Permitted Investment. The Liquidating Trustee and the

Debtor shall not have any liability to any retirement, employee benefit or pension plan of the Debtor in excess of the amounts available to be distributed from such plans.

4.4 *Selection of Agents.* Without the need for application to or approval of the Bankruptcy Court, the Liquidating Trustee may select, determine compensation for and employ attorneys, brokers, consultants, custodians, investment advisors, asset services, auditors, accountants, and other agents (including, without limitation, attorneys, accountants and consultants retained by the Debtor during the Bankruptcy Case). The Liquidating Trustee shall avail himself of the services of counsel or special counsel. Subject to the Plan, the Liquidating Trustee may pay the salaries, fees and expenses of such agents or consultants out of the Liquidating Trust Assets. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person interested therein by reason of any mistake or default of any such agent or consultant unless such mistake or default breaches the standard of care set forth in Section 4.7 herein.

4.5 *Signature.* As of the Effective Date of the Plan, the Liquidating Trustee shall have the sole signature power and authority with respect to the Liquidating Trust to (a) open and close accounts with any banking, financial or investment institution; (b) make deposits and withdrawals of cash and other property into or from any such account; (c) make or endorse checks with respect to any such account; (d) effectuate purchases and sales of securities and give purchase and sale orders to brokers or any other third parties and the exercise of such power and authority shall be deemed to be authorized by and to represent the decision of the Liquidating Trustee then entitled to make such decision.

4.6 *Maintenance of Register.* The Liquidating Trustee shall at all times maintain a register of the names, addresses and amount of the Claims as in effect on the Effective Date and as revised from time to time thereafter.

4.7 *Liability of Liquidating Trustee.*

(a) *Standard of Care.* The Liquidating Trustee shall have a fiduciary duty to the Beneficiaries to perform the duties expressly provided for by this Agreement and the Plan. The Liquidating Trustee shall not be liable for any action taken or omitted to be taken by him or her in good faith and in the exercise of reasonable judgment and believed to be within the discretion or power conferred by this Agreement, or be responsible for the consequences of any act or failure to act, except for gross negligence or willful misconduct. The Liquidating Trustee shall not have any fiduciary relationship with any party by virtue of this Agreement except as specifically set forth in this Agreement.

(1) The Liquidating Trustee shall not, solely by virtue of his position as Liquidating Trustee, be liable or in any way responsible for the acts or omissions of the Debtor, its board of directors, officers, employees or agents that occurred prior to the Effective Date.

(2) Unless indemnified to his satisfaction against liability and expense, the Liquidating Trustee shall not be compelled to do any act or to take any action toward the execution or enforcement of the powers created under the Plan or this Agreement or to prosecute or defend any suit in respect hereof. If the Liquidating Trustee requests approval from the Bankruptcy Court with respect to any act or

6

action in connection with the Plan or this Agreement, the Liquidating Trustee shall be entitled (but shall not be required) to refrain (without incurring any liability to any person by so refraining) from such act or action unless and until he has received such instructions of approval. In no event, however, shall the Liquidating Trustee or the Debtor or any of their representatives be required to take any action which he or she reasonably determines could lead to criminal or civil liability.

(3)     The Liquidating Trustee shall not be responsible in any manner to the Debtor, its Estate, any Beneficiary, or any party in interest for:

(i)     the creditworthiness of any party and the risks involved to the Liquidating Trust or such holder or party in interest;

(ii)    the effectiveness, enforceability, genuineness, validity, or any due execution of the Plan or this Agreement as to any person other than the Liquidating Trustee;

(iii)   any representation, warranty, document, certificate, report or statement made herein or furnished hereunder or in connection with the Plan or this Agreement not constituting a breach of the standard of care set forth in this Section 4.7(a) on the part of the Liquidating Trustee;

(iv)    the existence, priority or perfection of any existing Lien;

(v)     the observation or compliance with any of the terms, covenants or conditions of the Plan or this Agreement on the part of any party other than the Liquidating Trustee;

(vi)    any loss to the Liquidating Trust resulting from the investment of the Liquidating Trust Assets, or their proceeds, in any Permitted Investments; or

(vii)   losses to any retirement, employee benefit, or pension plan of the Debtor in excess of the amounts available to be distributed from such plans.

(4)     The Debtor and the Beneficiaries, by voting for the Plan and/or accepting the benefits thereof, have agreed not to sue or otherwise pursue or seek damages from the Liquidating Trustee pursuant to the Plan or this Agreement, except for willful misconduct or gross negligence. The Liquidating Trust will indemnify, hold harmless and reimburse the Liquidating Trustee from and against any and all losses, claims, causes of action, damages, fees, expenses, liabilities, and actions for which liability is limited pursuant to this Agreement and the Plan.

(b)     *Surety Bond.*  In order to secure the faithful performance of his duties under the Plan and this Agreement, the Liquidating Trustee shall obtain at the expense of

the Liquidating Trust and file with the Bankruptcy Court a surety bond, naming the United States as the obligee thereunder, in an amount equal to one hundred percent (100%) of the Cash in the Liquidating Trust. The Liquidating Trustee may increase the amount of the bond or reduce the amount of the bond from time to time as he deems necessary or proper provided that such amount equals or exceeds the amount of Cash in the Liquidating Trust. No bond shall be required if and when the amount of undistributed Cash on hand shall be less than $200,000.00.

(c)    *No Liability for Acts of Predecessor*. No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such person becomes a Liquidating Trustee, nor shall he or she be obligated to inquire into the validity or propriety of any such act or omission unless such successor Liquidating Trustee expressly assumes such responsibility. Any successor Liquidating Trustee shall be entitled to accept as conclusive any final accounting and statement of Liquidating Trust Assets furnished to such successor Liquidating Trustee by such predecessor Liquidating Trustee and shall further be responsible only for those Liquidating Trust Assets included in such statement.

(d)    *No Implied Obligations*. The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and in the Plan, and no other or further covenants or obligations shall be implied into this Agreement. The Liquidating Trustee shall not be responsible in any manner whatsoever for the correctness of any recitals, statements, representations, or warranties herein or in any documents or instrument evidencing or otherwise constituting a part of the Liquidating Trust Assets. The Liquidating Trustee makes no representations as to the value of the Liquidating Trust Assets or any part thereof, nor as to the validity, execution, enforceability, legality or sufficiency of this Agreement, and the Liquidating Trustee shall incur no liability or responsibility with respect to any such matters.

(e)    *Reliance on Documents or Advice of Counsel or Other Persons*. The Liquidating Trustee may rely conclusively and shall be protected in acting upon any order, notice, demand, certificate, opinion or advice of counsel, statement, instrument, report or other paper or document (not only as to its due execution and the validity and effectiveness of its provisions, but also as to the truth and acceptability of any information therein contained) which is believed by the Liquidating Trustee to be genuine and to be signed or presented by the proper persons. Subject to his obligation to meet the standard of care in Section 4.7(a), the Liquidating Trustee shall have no liability for any act which he may do or omit to do in reliance upon the foregoing.

(f)    *No Personal Obligation for Liabilities of the Debtor*. Holders of Claims and Equity Interests, and other persons transacting business with the Liquidating Trustee in his capacity as Liquidating Trustee, shall be limited to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of the Plan, and the Liquidating Trustee shall have no personal obligation to satisfy any such liability.

4.8    *Reports and Fees*. The Liquidating Trustee shall provide quarterly statements of receipts and disbursements to the Office of the United States Trustee. The Liquidating Trustee

8

will be responsible for timely payment from the Assets of United States Trustee fees incurred pursuant to 28 U.S.C. § 1930(a)(b) subsequent to the Effective Date of the Plan.

  4.9 *Reports; Tax Returns.*

After the Effective Date, the Liquidating Trustee shall be responsible for the filing of any and all federal and state tax returns required by law to be filed by the Liquidating Trust, including the final tax returns, and shall pay all tax liabilities arising from such tax returns.

  4.10 *Withholding and Reporting Requirements; Tax Treatment of Liquidating Trust.* The Liquidating Trust will be treated as a "liquidating trust" within the meaning of Section 301.7701-4(d) of the Tax Regulations. The transfer of the Liquidating Trust Assets to the Liquidating Trust shall be treated as a transfer to the Beneficiaries for all purposes of the Internal Revenue Code (e.g., sections 61(a)(12), 483, 1001, 1012, and 1274) followed by a deemed transfer by such Beneficiaries to the Liquidating Trust. The Liquidating Trust shall be considered a "grantor" trust, and the Beneficiaries of the Liquidating Trust shall be treated as the grantors and deemed owners of the Liquidating Trust. The Liquidating Trustee shall value the Liquidating Trust Assets and notify the Beneficiaries of the Liquidating Trust of such valuations. The Liquidating Trust Assets shall be valued consistently by the Liquidating Trustee and the Beneficiaries for all federal income tax purposes. In connection with all distributions made pursuant to the Liquidating Trust and all activities of the Liquidating Trust, the Liquidating Trustee shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions made pursuant to the Plan and the Liquidating Trust will be subject to any such withholding and reporting requirements.

The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to 1.671-4(a) of the Income Tax Regulations promulgated pursuant to the United States Internal Revenue Code. The Liquidating Trustee may require Beneficiaries to furnish to the Liquidating Trustee its, his or her employer or taxpayer identification number ("TIN") as assigned by the Internal Revenue Service, and the Liquidating Trustee may condition any distribution to any such Beneficiaries pursuant to the Plan upon receipt of such identification number. If a Beneficiary shall fail to provide the Liquidating Trustee with any requested TIN within 90 days after the request, such failure shall be deemed a waiver of all of such Beneficiaries' interests in the Liquidating Trust and rights to distribution under the Plan. Distributions that would have been made to such Beneficiary shall be distributed to the other Beneficiaries of the Liquidating Trust pursuant to the Plan based on their *pro rata* interests in the Liquidating Trust.

  4.11 *Final Decree.* After the Estate is fully administered pursuant to the terms of the Plan and this Agreement, the Liquidating Trustee shall file with the Bankruptcy Court a motion requesting the entry of a Final Decree.

  4.12 *Payment of Compensation and Reimbursement of Expenses of Liquidating Trustee and his agents.* The Liquidating Trustee's compensation shall be based upon hourly rates typically charged in the conduct of the Liquidating Trustee's business and may be paid from the Liquidating Trust Assets on a monthly basis without further notice or order of the Bankruptcy Court. Agents retained by the Liquidating Trustee, including Professionals, may submit monthly

statements describing with reasonable particularity the amount of fees and expenses sought, the time expended, and the nature, extent, and value of the services provided during the period covered by such request. In the absence of objection by the Liquidating Trustee, such fees and expenses shall be paid within ten (10) days of issuance of the monthly statement without further notice or order of the Bankruptcy Court. The Liquidating Trustee may retain, compensate, employ and pay agents and Professionals on other terms, including payment on a contingency basis, subject to the agreement of the parties without need for notice or any order of the Bankruptcy Court. In the event of any objection to a compensation request, the Bankruptcy Court shall retain jurisdiction to hear and determine such dispute. Payment of fees and reasonable out-of-pocket expenses of the Liquidating Trustee and any agents or consultants employed pursuant to this Agreement shall be reimbursed as a priority from the Liquidating Trust Assets.

4.13   *Indemnification.* Pursuant to this Agreement and the Plan, the Liquidating Trustee shall be indemnified by, held harmless and receive reimbursement from the Liquidating Trust Assets for any and all claims, actions, demands, losses, damages, expenses, and liabilities, including without limitation court costs, attorneys' fees and accountants' fees incurred in compliance with the standard of care set forth in Section 4.7(a). Notwithstanding the above, the Liquidating Trustee shall not be entitled to indemnification in the event that a court of competent jurisdiction determines that such person has incurred losses or claims as a result of actions or omissions that breach that standard of care.

4.14   *Dissolution.* The Liquidating Trustee and the Liquidating Trust shall be discharged or dissolved, as the case may be, at such time as (i) all Liquidating Trust Assets have been liquidated; (ii) all distributions required to be made by the Liquidating Trustee under the Plan have been made; and (iii) the Liquidating Trust is otherwise fully administered.

## ARTICLE V

*Distributions And
Treatment Of Disputed Claims*

5.1   *Method of Distributions in General.*

(a)   *In General.* Subject to Bankruptcy Rule 9010, and except as otherwise provided in the Plan, all distributions under the Plan to be made by, or on behalf of, the Liquidating Trustee to the holder of each Allowed Claim shall be mailed by first class mail, postage prepaid, to the address of such holder as listed on the Schedules unless the Liquidating Trustee has been notified in writing of a change of address as of the Distribution Record Date, including, without limitation, by the filing of a proof of claim or notice of transfer of claim filed by such holder that provides an address for such holder different from the address reflected on the Schedules. The Liquidating Trustee shall have no obligation to locate such holders whose distributions or notices are properly mailed but nevertheless returned.

(b)   *Form of Distributions.* Except as otherwise provided in the Plan, any payment of Cash made by, or on behalf of, the Liquidating Trustee pursuant to the Plan shall be made by check.

(c) *Distributions to be on Business Days.* Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

(d) *Fractional Dollars.* Whenever any payment of a fraction of a dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (rounding down in the case of $0.50 or less, and rounding up in the case of more than $0.50).

(e) *Interest and Penalties on Claims.* Unless otherwise specifically provided for in the Plan or the Confirmation Order, or required by applicable bankruptcy law, post-petition interest and penalties shall not accrue or be paid on any Claims and no holder of a Claim shall be entitled to interest and penalties accruing on or after the Petition Date through the date such Claim is satisfied in accordance with the terms of this Plan.

(f) *Distributions to Holders as of the Distribution Record Date.* The Liquidating Trustee shall be entitled to rely upon the register of Claims as of the Distribution Record Date. Any transfers of an Allowed Claim shall be recognized ten (10) days after written notice of such transfer is received by the Liquidating Trustee as provided herein.

5.2 *Objections to Disputed Claims.* On and after the Effective Date, any objections to Claims against the Debtor shall be prosecuted by the Liquidating Trustee.

5.3 *Deadline for Objecting to Disputed Claims.* Except as otherwise provided by order of the Bankruptcy Court, the Liquidating Trustee may file an objection to a Claim against the Debtor until the later of: (a) the date that such Claim becomes due and payable in accordance with its terms, or (b) 120 days after the Effective Date.

5.4 *Estimation of Claims.* The Liquidating Trustee may, at any time, request that the Bankruptcy Court estimate any Disputed Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Liquidating Trustee have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court shall have jurisdiction to estimate a Disputed Claim at any time, including, without limitation, during litigation concerning such Claim or an objection to such Claim. In the event the Bankruptcy Court estimates any Disputed Claim, the estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the Bankruptcy Court determines the maximum limitation of a Disputed Claim, such determination shall not preclude the Liquidating Trustee from pursuing any supplemental proceedings to object to any payment of such Claim. All of the aforementioned Claims objections, estimation and resolution procedures are cumulative and not exclusive remedies. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

5.5 Disputed Claims Reserve.

(a) *Establishment.* A reserve shall be maintained equal to 100% of the distributions to which holders of Disputed Claims would be entitled under the Plan if such Disputed Claims were Allowed Claims or such lesser amount as required by a Final Order.

11

(b) *Investment of Cash.* Cash in the Disputed Claims Reserve may be invested only in Cash Equivalents having maturities sufficient to enable the holder of the Disputed Claim Reserve to make all necessary payments to holders of Disputed Claims if, and when, such Disputed Claims become Allowed Claims. Any interest, income, distributions or accretions on account of such investment in Cash Equivalents in the Disputed Claims Reserve shall be for the sole benefit and account of the Liquidating Trustee, and the Liquidating Trustee shall be solely responsible for the payment of any income or other taxes arising therefrom.

(c) *Distributions Upon Allowance of Disputed Claims.* The holder of a Disputed Claim that becomes an Allowed Claim after the Effective Date shall receive distributions of Cash from the Disputed Claims Reserve on or after the Payment Date as soon as practicable following the date on which such Disputed Claim becomes an Allowed Claim pursuant to a Final Order. Such distributions shall be made in accordance with the Plan based upon the distributions that would have been made to the holder of such a Claim under the Plan if the Disputed Claim had been an Allowed Claim on or prior to the Effective Date. No holder of a Disputed Claim shall have any claim against the respective Disputed Claims Reserve or the Liquidating Trust with respect to such Claim until the Disputed Claim shall become an Allowed Claim.

5.6 *Reversion of Unclaimed Checks.* If a check remains unclaimed for a period of one hundred eighty (180) days after distribution, the party otherwise entitled to such distribution shall be deemed to have forfeited its right to the distribution and any future distributions, and the Liquidating Trustee may redistribute the Cash to other beneficiaries under the Plan as if such Claim was disallowed.

## ARTICLE VI

### *Beneficiaries*

6.1 *Interest Beneficial Only.* The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of such assets or to require an accounting, except as may be specifically provided herein, in the Plan or the Confirmation Order.

6.2 *Ownership of Beneficial Interests Hereunder.* Each Beneficiary shall have a beneficial interest in the Liquidating Trust solely to the extent that such Beneficiary is entitled to a distribution from the Liquidating Trust pursuant to the Plan or the Confirmation Order. Each Beneficiary shall cease to own a beneficial interest in the Liquidating Trust and cease to be a Beneficiary hereunder for all purposes immediately upon completion of the distribution by the Liquidating Trustee to such Beneficiary as required by this Liquidating Trust Agreement, the Plan and the Confirmation Order.

6.3 *Standing of Beneficiary.* No Beneficiary shall have standing to direct the Liquidating Trustee to do or not to do any act other than as described herein.

6.4 *Rights of Beneficiaries.* Nothing herein is intended to provide the Beneficiaries with any rights to distributions other than as set forth in the Plan.

## ARTICLE VII

12

*Objections To Claims*

Following the Effective Date, the Liquidating Trustee shall be authorized to object, or to succeed or otherwise join any objection filed by the Debtor prior to the Effective Date, to Claims so as to have the Bankruptcy Court determine the amounts to be Allowed, if any, of such Claims. Objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of such Claims no later than one hundred twenty (120) days after the Effective Date; provided, however, that this deadline may be extended by the Bankruptcy Court upon the entry of an order by the Bankruptcy Court extending such deadline. An objection to the allowance of a Claim by the Liquidating Trustee must be filed with the Bankruptcy Court and served upon the holder of the Claim and all parties who have requested notice.

Notwithstanding the foregoing, unless an order of the Bankruptcy Court specifically provides for a later date, any proof of claim for pre-petition debts of the Debtor filed after the bar date established by the Bankruptcy Court shall be disallowed as a late-filed claim, without any action by the Debtor or Liquidating Trustee, unless and until the party filing such Claim obtains (i) the written consent of the Liquidating Trustee to file such Claim late or (ii) approval from the Bankruptcy Court upon notice to the Debtor and Liquidating Trustee that permits the late filing of the Claim, in which event, the Liquidating Trustee shall have 120 days from the date of such written consent or order to object to such Claim, which deadline may be extended by the Bankruptcy Court upon motion of the Debtor.

From and after the Effective Date, the Liquidating Trustee shall litigate to judgment, propose settlements of, or withdraw objections to all Disputed Claims.

## ARTICLE VIII

*Appointment, Removal and Resignation of Liquidating Trustee.*

8.1    *Appointment of Liquidating Trustee; Acceptance of Appointment.* _____ is hereby appointed to serve as the initial Liquidating Trustee hereunder and pursuant to the Plan. _____ is willing to, and does hereby, accept the appointment to serve as the initial Liquidating Trustee, and to hold and administer the Liquidating Trust Assets pursuant to the terms of the Plan and this Agreement.

8.2    *Removal of Liquidating Trustee.* A Liquidating Trustee appointed pursuant to this Agreement may be removed (a) with cause by order of the Bankruptcy Court after notice and opportunity for a hearing. For purposes of this Agreement, the term "cause" shall mean: (a) the Liquidating Trustee's gross negligence or willful failure to perform his duties under this Agreement; (b) the Liquidating Trustee's misappropriation or embezzlement of any Liquidating Trust Assets or the proceeds thereof; or (c) the Liquidating Trustee's continued or repeated negligence or failure to perform his duties hereunder. If a Liquidating Trustee is removed, or is unwilling or unable to serve (1) by virtue of his inability to perform his duties under this Agreement due to death, illness or other physical or mental disability, (2) following the liquidation of all or substantially all of the Liquidating Trust Assets, or (3) for any other reason whatsoever, such Liquidating Trustee shall be entitled to all accrued and unpaid fees, reimbursement, and other compensation, to the extent incurred or arising or relating to events occurring before such removal, and to any out-of-pocket expenses reasonably incurred in

13

connection with the transfer of all powers and duties and all rights to any successor Liquidating Trustee.

8.3    *Resignation of Liquidating Trustee.*  A Liquidating Trustee may resign upon motion to the Bankruptcy Court, which resignation shall become effective at the time specified by the Court, contemporaneous with the appointment of a successor Liquidating Trustee. If a Liquidating Trustee resigns from his or her position hereunder, subject to a final accounting and the approval of the Bankruptcy Court, such Liquidating Trustee shall be entitled to all accrued unpaid fees, reimbursement, and other compensation to the extent incurred or arising or relating to events occurring before such resignation, and any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties to the successor Liquidating Trustee.

8.4    *Successor Liquidating Trustee.*  In the event that a Liquidating Trustee is removed, resigns, or otherwise ceases to serve as Liquidating Trustee, a successor Liquidating Trustee may be appointed by the Oversight Committee or by order of the Bankruptcy Court.

## ARTICLE IX

*Effect of Agreement on Third Parties.*

9.1    *Effect of Agreement on Third Parties.*  There is no obligation on the part of any purchaser or purchasers from the Estate, the Debtor or the Liquidating Trustee or any agent of the Liquidating Trustee, or on the part of any other person dealing with the Estate, the Debtor or the Liquidating Trustee or any agent of the Liquidating Trustee, to see to the application of the purchase money or other consideration paid or delivered to the Liquidating Trustee, or any agent of the Liquidating Trustee, or to inquire into the validity, expediency, or propriety of any such transaction, or the authority of the Liquidating Trustee, or any agent of the Liquidating Trustee, to enter into or consummate the same upon such terms as the Liquidating Trustee may deem advisable.

## ARTICLE X

*Waiver.*

10.1    *Waiver.*  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

## ARTICLE XI

*Termination of the Agreement; Amendment of the Agreement.*

11.1    *Termination of the Agreement.*  This Agreement will terminate only upon authorization of the Bankruptcy Court. The duties, responsibilities and powers of the Liquidating Trustee shall terminate after (i) all Causes of Action transferred and assigned to the Liquidating Trust or involving the Liquidating Trustee on behalf of the Liquidating Trust, including but not limited to the Avoidance Actions, are fully resolved, and (ii) the Liquidating Trust Assets have been distributed in accordance with the Plan and the Liquidating Trust Agreement.

11.2    *Amendment of Agreement.*  Except as otherwise set forth herein, any provisions of the Agreement may, consistent with the terms of the Plan, be materially amended, modified, terminated, revoked or altered only upon Bankruptcy Court approval.

## ARTICLE XII

*Miscellaneous.*

12.1    *Severability.*  If any one or more of the provisions herein, or the application thereof in any circumstances, is held invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision in every other respect, and of the remaining provisions, shall not be in any way impaired or affected.  In such event, there shall be added as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.  The effective date of the added provision shall be the date upon which the prior provision was held to be invalid, illegal or unenforceable.

12.2    *Entire Agreement.*  This Agreement, the Plan and the Confirmation Order constitute the entire agreement of the parties and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  In the event of any inconsistency between this Agreement and the Plan, the Plan shall govern.  Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto and their respective heirs, administrators, executors, successors, and assigns any rights or remedies under or by reason of this Agreement.

12.3    *Jurisdiction; Venue.*  Each party hereto irrevocably agrees that any suit, action or proceeding with respect to this Agreement may be brought in the United States Bankruptcy Court for the District of Massachusetts, and if for any reason such submission to jurisdiction is invalid, then such action, suit or proceeding may be brought in the courts of the state of Massachusetts or of the United States District Court for the District of Massachusetts, and by execution and delivery of this Agreement, each party (i) irrevocably submits to each such jurisdiction and venue; (ii) waives, to the fullest extent permitted by law, any objection which it may have to the laying of the venue of any such suit, action or proceeding brought in such court; and (iii) agrees that final judgment in any such suit, action or proceeding brought in such a court shall be conclusive and binding upon it and may be enforced in any court to the jurisdiction of which such party is subject by a suit upon such judgment, provided that service of process is effected as otherwise permitted by law.

12.4    *Waiver of Jury Trial.*  Each party to this Agreement hereby irrevocably waives all right to trial by jury in any action, proceeding or counterclaim arising out of or relating to this Agreement or the transactions contemplated hereby.

**IN WITNESS WHEREOF**, the undersigned have caused this instrument to be executed as of the day and year first above written to evidence their consent and agreement with the terms and provisions of this Agreement.

LIQUIDATING TRUSTEE

By: _____
Liquidating Trustee,
and not Individually

SHAMROCK FINANCE, LLC

By: _____

809209

16