**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**SHAMROCK FINANCE LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10315-JEB |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING FIRST AMENDED JOINT LIQUIDATING
PLAN OF REORGANIZATION, AS MODIFIED, OF SHAMROCK FINANCE, LLC
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

This matter came before the Court on confirmation of the *First Amended Joint Liquidating Plan of Reorganization, as Modified* dated July 25, 2022 [docket no. 446] (the "**Plan**"), filed by Shamrock Finance LLC the debtor and debtor-in-possession in the above captioned proceeding (the "**Debtor**") and the Official Committee of Unsecured Creditors (the "**Committee**" and with the Debtor, the "**Plan Proponents**"). On July 25, 2022, the Plan Proponents also filed their *First Amended Disclosure Statement as Modified with Respect to First Amended Joint Liquidating Plan of Reorganization, as Modified* [docket no. 445] (the "**Disclosure Statement**").

The Court entered an order dated July 27, 2022, approving the Disclosure Statement, setting the hearing on confirmation, and setting deadlines with respect to confirmation (the "**Disclosure Statement Order**") [docket no. 452]. Due notice of the Plan, the Disclosure Statement, the deadlines with respect to confirmation, and the hearing on confirmation was given by the Plan Proponents on July 29, 2022, as reflected by a certificate of service dated August 3, 2022 [docket no. 457] (the "**Certificate of Service**").

A limited objection to the Plan was filed by Source One Financial Corporation. No other

objections were filed. The Plan Proponents filed affidavits in support of confirmation together with a report on voting.

The Court held a hearing on confirmation of the Plan on September 13, 2022 (the "**Confirmation Hearing**"). At the hearing, the parties reported that the objection of Source One had been resolved.

Having considered the Plan, the Disclosure Statement, the affidavits and report on voting submitted in connection with confirmation, the offer of proof by the Plan Proponents, the arguments of counsel at the Confirmation Hearing, the pleadings in the case and the record of the proceedings, good cause being shown, the Court makes the following findings of fact, conclusions of law and order (the "**Confirmation Order**"):

**FINDINGS OF FACT:**

    **I.**    **JURISDICTION AND VENUE**

    A.    This Court has jurisdiction over the Bankruptcy Case[1] pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of these proceedings and the Bankruptcy Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    B.    As established through the Certificate of Service, the Plan Proponents provided good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the Plan.

    **II.**    **BACKGROUND**

    C.    On March 12, 2021 (the "**Petition Date**") the Debtor commenced the Bankruptcy

---

[1] Capitalized terms not otherwise defined in this Confirmation Order shall have the meanings attributed to them in the Plan.

Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

D. The Debtor continues to operate as a debtor in possession as authorized by Sections 1107(a) and 1108 of the Bankruptcy Code. William R. Dewey, IV of Mid-Market Management Group was appointed as Chief Restructuring Officer of the Debtor.

E. An Ad Hoc Committee of more than forty (40) Noteholders was formed on April 8, 2021. On September 14, 2021, the Office of the United States Trustee filed a notice of appointment of the **Committee**.

F. The Disclosure Statement Order, among other things, (i) fixed August 31, 2022, by 4:30 P.M., as the deadline to object to confirmation of the Plan and the deadline for submitting ballots, and (ii) established certain procedures for soliciting and tabulating votes with respect to the Plan.

G. As is evidenced by the Certificate of Service, the Plan Proponents complied with the Disclosure Statement Order and timely mailed Solicitation Packages (as defined in the Disclosure Statement Order), the Disclosure Statement Order and a ballot to creditors and parties-in-interest.

H. Notice of the Confirmation Hearing and service of the Solicitation Packages and the Disclosure Statement Order was adequate and in accordance with Bankruptcy Rule 2002(b).

I. The Plan Proponents filed a *Report of Plan Voting with Respect to the First Amended Joint Liquidating Plan of Reorganization, as Modified* [docket no. 470] (the "**Voting Report**") showing the tabulation of ballots with respect to the Plan.

J. The Plan Proponents filed the affidavit of William R. Dewey, IV in support of confirmation of the Plan [docket no. 473] ("**Dewey Affidavit**"), as well as the affidavit of Peter

3

Armanetti [docket no. 472] ("**Armanetti Affidavit**") in support of confirmation of the Plan.

K. A limited objection to confirmation of the Plan ("**Objection**") was filed by Source One Financial Corporation.

L. The Court concluded the Confirmation Hearing on September 13, 2022. At the Confirmation Hearing, the parties reported to the Court that the Objection had been resolved.

### III. COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE

M. The Plan is a plan of liquidation, which provides for the appointment of a Liquidating Trustee, administration and distribution of assets by the Liquidating Trustee to holders of allowed claims, and the continued existence of the Debtor to the extent necessary to liquidate its assets. The Disclosure Statement and the Plan describe the manner of funding of the Plan.

N. Pursuant to Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates seven (7) Classes of Claims and Equity Interests. The Claims placed in each Class are substantially similar to other Claims in each such Class, and the claims in each Class are treated the same.

O. Peter Armanetti has been selected as the Liquidating Trustee and the Plan Administrator. Mr. Armanetti's identity was disclosed in the Disclosure Statement. No one has objected to Mr. Armanetti serving in such capacities. The Armanetti Affidavit disclosed Mr. Armanetti's background and qualifications.

P. The Plan Proponents have complied with all applicable provisions of Section 1123(a) of the Bankruptcy Code.

Q. The Plan complies with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(1) of the Bankruptcy Code.

R. The Plan Proponents have complied with all applicable provisions of the Bankruptcy Code in accordance with Section 1129(a)(2) of the Bankruptcy Code.

S. The Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code because the Debtor proposed the Plan in good faith and not by any means forbidden by law.

T. Any payments made or to be made for services or for costs and expenses accruing prior to confirmation or in connection with the Bankruptcy Case have, to the extent required by the Bankruptcy Code, been approved by, or are subject to the approval of, the Bankruptcy Court. Section 1129(a)(4) of the Bankruptcy Code has been satisfied.

U. The Plan Proponents have complied with Section 1129(a)(5) of the Bankruptcy Code by, among other things, disclosing that (a) Peter Armanetti will serve as the Plan Administrator of the Post-Confirmation Debtor and the Liquidating Trustee of the Liquidating Trust and (b) no officers of the Debtor prior to the Effective Date shall serve as officers of the Debtor on and after the Effective Date.

V. The Plan does not provide for a change to any rates over which any regulatory commission has or will have jurisdiction after Confirmation.  Section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

W. With respect to each impaired Class of Claims against or Equity Interests in the Debtor, each holder of an impaired Claim or Interest has accepted or is deemed to have accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor was liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.  The Plan satisfies the requirements of Section 1129(a)(7) of the Bankruptcy Code.

X.  With respect to the Classes of Claims:

1.  At the Confirmation Hearing, the Debtor reported that there are no Claims in Classes 1 through 3 of the Plan. The Plan provides that to the extent there are any Claims in such Classes, the holders of the Claims will be paid in full in cash on the Effective Date.

2.  Classes 4 and 5 have accepted the Plan, pursuant to the provisions of 11 U.S.C. § 1126(c), as set forth in the Voting Report.

3.  No holder of a Claim in Class 6 voted.

Y.  Class 7 Equity Interests are impaired under the Plan and are deemed to reject the Plan. Under the Plan, while Equity Interests retain their interest in the Debtor, management and control of the Debtor vests exclusively in the Plan Administrator. No interests junior to Class 7 shall receive or retain under the Plan any property on account of such junior interest.

Z.  The Plan provides for treatment of Allowed Administrative Claims and Priority Tax Claims in the manner required by Section 1129(a)(9) of the Bankruptcy Code.  The Plan complies with the requirements of Section 1129(a)(9) of the Bankruptcy Code.

AA.  Classes 4 and 5 have affirmatively voted to accept the Plan without including any acceptance of the Plan by any insider.  The Plan complies with the requirements of Section 1129(a)(10) of the Bankruptcy Code.

BB.  Since the Plan explicitly proposes the liquidation of the Debtor, Section 1129(a)(11) of the Bankruptcy Code is satisfied.

CC.  Pursuant to Article II, Section 2.2 of the Plan, all quarterly fees due and payable to the Office of the United States Trustee pursuant to Section 1930(a)(6) of Title 28 of the United States Code shall be paid in full on or before the Effective Date.  Section 12.10 of the

Plan provides for the timely payment of fees due to the Office of the United States Trustee after the Effective Date and until the Bankruptcy Case is closed. Section 1129(a)(12) of the Bankruptcy Code is satisfied.

  DD. No applicable retirement benefits were in existence prior to confirmation of the Plan. Section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

  EE. The Debtor is not required to pay any domestic support obligations. Section 1129(a)(14) of the Bankruptcy Code is not applicable to the Plan.

  FF. The Debtor is not an individual. Section 1129(a)(15) of the Bankruptcy Code is not applicable to the Plan.

  GG. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Section 1129(a)(16) of the Bankruptcy Code is satisfied.

  HH. The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the requirements of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), as amended. The Plan Administrator remains responsible, on behalf of the Post-Confirmation Debtor, to file post-Effective Date tax returns and pay post-Effective Date taxes, in accordance with applicable law.

  II. All of the applicable requirements of Section 1129(a) of the Bankruptcy Code, other than Section 1129(a)(8), are met with respect to the Plan.

  JJ. The Plan Proponents have requested that the Court confirm the Plan notwithstanding the requirements of Section 1129(a)(8) with respect to Classes 1, 2, 3, 6 and 7 pursuant to Section 1129(b) of the Bankruptcy Code.

KK. With respect to Section 1129(b), the Plan does not discriminate unfairly, and is fair and equitable, with respect to each of Classes 1, 2, 3, 6 and 7 of the Plan.

## ORDER

**BASED ON THE FOREGOING FINDINGS AND CONCLUSIONS, THE COURT ORDERS THAT:**

1. The Plan is confirmed pursuant to Section 1129 of the Bankruptcy Code. Any objections, to the extent not withdrawn, are overruled.

2. Upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order are deemed binding upon all Persons and Entities including without limitation the Debtor, the Plan Administrator, the buyer of the Debtor's assets, the Liquidating Trustee, any and all holders of Claims or Equity Interests, any and all nondebtor parties to Executory Contracts and Unexpired Leases with the Debtor including, but not limited to, any and all entities who are parties to or are subject to the releases, waivers, discharges and injunctions under the Plan, and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

A. **CLAIMS BAR DATES AND OTHER CLAIMS MATTERS**

  i. **Bar Date for Professional Fee Claims.**

3. All applications for final compensation and reimbursement of Professional Fee Claims incurred before the Effective Date shall be filed and served on or before ***NOVEMBER 4, 2022*** (the "**Professional Fee Claim Bar Date**"), unless otherwise ordered by this Court.

  ii. **Bar Date for Rejection Damages Claims and Related Procedures.**

4. Upon the Effective Date, any Executory Contract or Unexpired Lease (excluding any insurance policy) that (i) has not expired by its own terms, or is not subject to a notice of

termination by the Debtor, on or prior to the date on which this Confirmation Order is entered on the docket in the Bankruptcy Case (the "**Confirmation Date**"), (ii) has not been assumed, assumed and assigned, or rejected with the approval of the Bankruptcy Court on or prior to the Confirmation Date, (iii) is not the subject of a motion to assume or reject which is pending at the time of the Confirmation Date, or (iv) is not designated by the Plan Proponents as being an Executory Contract or Unexpired Lease to be assumed at the time of Confirmation, shall be deemed rejected as of the Effective Date.  Entry of this Confirmation Order by the Bankruptcy Court constitutes approval of such rejection pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code.  All claims resulting from the rejection of an Executory Contract or Unexpired Lease ("**Rejection Claim**") must be filed with the Bankruptcy Court and served on counsel to the Debtor and the Liquidating Trustee on or before *NOVEMBER 4, 2022*.  Any such Rejection Claim that is not filed and served within such time shall be forever barred, and shall not share in any distributions under the Plan.

  **B.**  **IMPLEMENTATION OF THE PLAN**

  5. On the Effective Date, the Debtor shall become the Post-Confirmation Debtor and all actions of the Debtor and/or Post-Confirmation Debtor shall be taken by the Plan Administrator, or his designee or agent, in the name of and on behalf of the Estate.

  6. The Post-Confirmation Debtor and the Plan Administrator are authorized to enter into all documents, instruments and agreements reasonably necessary to effectuate the terms of the Plan.

  7. On the Effective Date, one hundred percent (100%) of the Assets shall be transferred, assigned, and conveyed to or shall vest in, the Liquidating Trust; and (ii) all Participating Noteholder Causes of Action assigned to the Liquidating Trustee shall be transferred, assigned, and conveyed to, or shall vest in, the Liquidating Trust. No Asset of the

Estate shall be deemed abandoned and no defense, set-off, counterclaim or right of recoupment of the Debtor shall be deemed waived, released or compromised.

8. Except as provided in, and unless expressly waived, released, compromised or settled in this Confirmation Order, the Plan, any Final Order[2], or in any contract, instrument, release or other agreement entered into or delivered in connection with this Plan, the Liquidating Trust will exclusively retain and may enforce, and the Liquidating Trustee expressly reserves and preserves for these purposes, in accordance with Section 1123(a)(5)(A) and 1123(b)(3) of the Bankruptcy Code, any Claims, Causes of Action and demands and rights relating thereto that the Debtor or its Estate may hold against any Person or entity and any assigned Participating Noteholder Causes of Action. No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to them by virtue of or in connection with the Confirmation, consummation or effectiveness of the Plan. The Participating Noteholder Causes of Action are expressly reserved and preserved by the Liquidating Trust for later investigation and prosecution solely by the Liquidating Trustee.

9. Without limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, the failure to list, disclose, describe, identify, or refer to a

---

[2] For all purposes of the Plan, Disclosure Statement or this Confirmation Order, the term "Final Order" shall mean an order or judgment which has not been reversed, stayed, modified or amended and, as to which (a) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending, or (b) if appeal, review, re-argument or certiorari of the order has been sought, the order has been affirmed or the request for review, re-argument or certiorari has been denied and the time to seek a further appeal, review, re-argument or certiorari has expired, and as a result of which such order shall have become final and non-appealable in accordance with applicable law; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, that may be filed with respect to such order shall not cause such order not to be a Final Order.

right, cause of action, defense, or counterclaim, or potential right, cause of action, defense, or counterclaim in the Schedules, the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, shall in no manner waive, eliminate, modify, release, or alter the Liquidating Trustee's right to commence, prosecute, defend against, settle, and realize upon any rights, causes of action, defenses, or counterclaims that either the Debtor or the Liquidating Trustee have or may have as of the Confirmation Date.

10. Pursuant to Section 1146(a) of the Bankruptcy Code, neither the Debtor nor the Liquidating Trustee may be taxed under any law imposing a stamp tax or similar tax for the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under Section 1129 of this title.

11. The Liquidating Trustee will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the Bankruptcy Case is closed. After the Effective Date, the Liquidating Trustee and any other authorized parties who have been charged with administering the confirmed plan shall file the UST Form 11-PCR, Post-confirmation Report every calendar quarter until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.

C. **INJUNCTION**

12. Subject to the occurrence of the Effective Date, as of the Effective Date, except as provided in the Plan, the distributions and rights afforded under the Plan and the treatment of Claims and Equity Interests under the Plan shall be in exchange for and in complete satisfaction of all Claims against the Debtor, and in satisfaction of all Equity Interests and the termination of Equity Interests in the Debtor including demands, liabilities and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or

warranties issued on or before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not: (i) a proof of Claim or Equity Interest based upon such Claim, debt, right or Equity Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim or Equity Interest based upon such Claim, debt, right or Equity Interest is Allowed pursuant to Section 502 of the Bankruptcy Code; or (iii) the holder of such a Claim or Equity Interest has accepted the Plan.

13.     Except as otherwise provided in the Plan or this Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtor or the Estate are, with respect to any such Claims or Equity Interests, permanently enjoined after the Confirmation Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, the Estate, or any of their Assets, the Liquidating Trustee, or the Liquidating Trust Assets; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtor, the Estate or any of their Assets, the Liquidating Trustee, or the Liquidating Trust Assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Estate or any of their Assets, the Liquidating Trustee, or the Liquidating Trust Assets; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest, or remedy released or to be released pursuant to the Plan or the Confirmation Order; (v) acting or proceeding in any

manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Plan. Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth herein. For the avoidance of doubt, the foregoing provisions of this Section shall not operate to waive or release the rights of the Estate Fiduciaries or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan or assumed pursuant to the Plan or assumed pursuant to a Final Order of the Bankruptcy Court.

14. Notwithstanding Section 1.40 of the Plan, for all purposes under the Plan and this Confirmation Order, the term Exculpated Parties is defined as follows:

> "Exculpated Parties" means all Persons that are or were at any time on or after the Petition Date (solely in such capacity or position and whether or not any such Person currently retains such capacity or position): (i) the Debtor; (ii) the Committee and all current and former members of the Committee, (iii) the directors, officers, agents, members of management and the Chief Financial Officer of the Debtor, respectively; provided, however, that for the avoidance of doubt, none of the Exculpated Parties shall be entitled to exculpation with respect to any Participating Noteholder Claim.

15. No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action or liability for any Claim in connection with or arising out of, any act or omission occurring from and after the Petition Date undertaken in connection with the postpetition administration of the Bankruptcy Case, the negotiation and pursuit of the Plan, or the solicitation of votes for, or confirmation of, the Plan, the funding of the Plan, the consummation of the Plan, entry into the Liquidating Trust

Agreement, or the administration of the Plan or the property to be distributed under the Plan, or the transactions contemplated by the foregoing, except for willful misconduct, gross negligence, or intentional fraud as finally determined by a Final Order, but in all respects such Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan, unless prohibited by applicable law. Notwithstanding anything to the contrary in the foregoing or any provision of the Plan, the foregoing provisions of this Confirmation Order shall not operate to waive or release the rights of the Debtor, the Liquidating Trustee, or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan or assumed pursuant to the Plan or assumed pursuant to a Final Order of the Bankruptcy Court.

      **D.**      **MISCELLANEOUS**

      16.      Within five (5) days of the occurrence of the Effective Date, the Liquidating Trustee (or his agents) shall give notice of the entry of this Confirmation Order and the Effective Date, substantially in the form of <u>Exhibit A</u> to this Confirmation Order (the "**Notice of Effective Date**"), by United States first-class mail postage prepaid, by hand delivery, or by overnight courier service to: (a) the United States Trustee, (b) counsel for the Plan Proponents, (c) each department, agency, or instrumentality of the United States that asserts a non-tax claim against the Debtor, (d) entities which requested notices under Bankruptcy Rule 2002, (e) all creditors who have filed proofs of Claim in the Bankruptcy Case, and (f) all creditors who are listed in the Debtor's Schedules who are not listed as holding contingent, un-liquidated or disputed claims.

      17.      Notwithstanding anything to the contrary contained in this Confirmation Order, no notice or service of any kind will be required to be mailed or made upon any Person to whom (a) the Plan Proponents, or either of them, mailed a notice of the last date for filing proofs of claim in

this Bankruptcy Case, or (b) the Plan Proponents, or either of them, mailed the Solicitation Packages, but received any of such notices returned marked "undeliverable as addressed," "moved - left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Person of that Person's new address.

18. Mailing of the Notice of Effective Date in the time and manner set forth in the preceding paragraphs is adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

19. This Court shall retain jurisdiction of all matters arising out of, or related to, the Bankruptcy Case and the Plan to the extent provided in the Plan and to the maximum extent permitted by law.

20. The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision.

21. In the event of any inconsistency between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall govern.

22. This Confirmation Order shall be effective and enforceable immediately upon entry, shall not be subject to any stay of enforcement, including any stay provided by Bankruptcy Rule 3020, and its provisions shall be self-executing.

23. This Confirmation Order shall be deemed recordable in form and any and all recording authorities are directed to accept this Confirmation Order for filing.

Dated: September 19, 2022

_____
Janet E. Bostwick,
United States Bankruptcy Judge

**EXHIBIT A**

**NOTICE OF EFFECTIVE DATE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**SHAMROCK FINANCE, LLC**<br><br>Debtor. | Chapter 11<br><br>Case No: 21-10315-JEB |

NOTICE OF (1) CONFIRMATION OF FIRST AMENDED JOINT LIQUIDATING PLAN OF REORGANIZATION, AS MODIFIED (2) EFFECTIVE DATE, AND (3) DEADLINES FOR FILING PROFESSIONAL FEE CLAIMS, AND CERTAIN LEASE AND CONTRACT REJECTION CLAIMS

**PLEASE TAKE NOTICE THAT**:

1.  *Confirmation of Plan*. By order dated September ___, 2022 (the "**Order**"), the United States Bankruptcy Court for the District of Massachusetts (the "**Court**") confirmed the *First Amended Joint Liquidating Plan of Reorganization, as Modified* filed by Shamrock Finance, LLC and the Official Committee of Unsecured Creditors (the "**Plan**"). The Order is available for inspection at the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945 and copies of the Order may be obtained upon request to the Committee's counsel, Murphy & King, Professional Corporation, 28 State Street, Suite 3101, Boston, Massachusetts, Attn: Christopher M. Condon, Esq., Email: ccondon@murphyking.com.

2.  *Effective Date; Distribution*. The Debtor (as defined in the Plan) has established [_____, 2022] as the effective date of the Plan (the "**Effective Date**"). Creditors holding Allowed Claims or Equity Interests against the Debtor's estate as of July 27, 2022, which is the distribution record date for purposes of the Plan, will be entitled to receive Distributions in accordance with the terms of the Plan.

3.  *Professional Fee Claims*. In accordance with Paragraph 3 of the Order, all applications for final compensation and reimbursement of Professional Fee Claims incurred before the Effective Date shall be filed with the Bankruptcy Court on or before ***NOVEMBER 4, 2022*** (the "**Professional Fee Claim Bar Date**"), unless otherwise ordered by the Court, and must be filed with the Clerk, Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945, and served upon the undersigned counsel to the Debtor and counsel to the Liquidating Trustee, so as to be received by the Professional Fee Claim Bar Date.

4. *Contract/Lease Rejection Claims*.  All Claims arising from the rejection of executory contracts or unexpired leases under the Plan must be filed with the Clerk, Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109-3945, and served upon the undersigned counsel to the Debtor and counsel to the Liquidating Trustee on or before ***NOVEMBER 4, 2022***.  Any such Rejection Claim that is not filed and served within such time shall be forever barred, and shall not share in any Distributions under the Plan.  The Post-Confirmation Debtor shall have the right to object to any such Rejection Claim.

                                                                                     _____
Christopher M. Condon
MURPHY & KING, Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts  02109
(617) 423-0400
ccondon@murphyking.com

DATED: _____, 2022